### JOHN HARTSELL v. THE STATE.

#### No. 4595. Decided February 24, 1909.

**Aggravated Assault—Adult Male—Female.**

Upon trial for aggravated assault by an adult male upon a female, where the evidence did not show whether the defendant is a boy or a man, the allegation that the defendant is an adult male was not established, and the conviction for aggravated assault can not be sustained.

Appeal from the County Court of Parker. Tried below before the Hon. J. W. Patterson.

Appeal from a conviction of aggravated assault; penalty, a fine of $575 and one year confinement in the county jail.

The opinion states the case.

*W. D. Harris* and *Hood & Shadle,* for appellant.—Cited Elders v. State, 55 S. W. Rep., 813; Andrews v. State, 13 Texas Crim. App., 343; Sheanault v. State, 10 Texas Crim. App., 410; Henkel v. State, 27 Texas Crim. App., 510; Hall v. State, 16 Texas Crim. App., 6; Bell v. State, 18 Texas Crim. App., 53; Robinson v. State, 25 Texas Crim. App., 111, and cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of aggravated assault and his punishment assessed at a fine of $575 and one year in the county jail.

Appellant's only contention is, that the evidence fails to show that he is an adult male, the assault alleged being upon a female. The prosecutrix in her testimony in speaking of the appellant uses this language: "I know John Hartsell, the defendant, like any other boy, in passing." Then in another portion of her testimony in speaking of the appellant she uses this language: "I saw the defendant the next day. I identified him as the man who assaulted me that night." In the case of Davis v. State, 76 S. W. Rep., 466, in passing upon a similar question, will be found the

following language: "We are not authorized to indulge any presumption against appellant. If he is convicted of any offense, it must be upon evidence; and here we find no evidence to sustain the fact that he was an adult male, either of a positive or circumstantial character." In this case we have the prosecuting witness speaking of appellant as a boy in one place and a man in another place. The word "boy" is always applied to a male person under twenty-one years of age. "Man" is a noun used to designate one over twenty-one years of age. For a discussion of similar questions see Davis v. State, 6 Texas Crim. App., 133; Gaston v. State, 11 Texas Crim. App., 143; Tucker v. State, 43 S. W. Rep., 106. An examination of the last cited authorities, however, will not support the proposition that the evidence in this case conclusively establishes the fact that the appellant was an adult male. We accordingly hold that the evidence does not do so. In other words, from the record before us we can not tell whether appellant is a boy or man. By the record alone we are governed. If appellant is a boy, then it could not be aggravated assault. If he is a man it could. The record on this question ought to have been made more explicit. We are not authorized to indulge presumptions against appellant, but must pass upon the case on the record as made. This being true, the evidence failing to support the issue of aggravated assault on the ground that appellant was an adult male, the judgment is reversed and the cause remanded.

*Reversed and remanded.*