OLLIE MAJORS v. THE STATE.

No. 1332.        Decided November 1, 1911.

Rehearing denied November 29, 1911.

1.—Burglary—Evidence—Leading Question.

Where the question was not so framed as to suggest the answer to the witness, it was not leading.

2.—Same—Evidence—Confession—Warning.

Where, upon trial of burglary, the written confession of the defendant was not in compliance with the statute, and did not show to whom it was made, its admission in evidence was reversible error. Following Henzen v. State, 62 Texas Crim. Rep., 336.

3.—Same—Charge of Court—Owner.

Where, upon trial of burglary, the jury were not required to find that the party named in the indictment was the owner of the property stolen, the same was not a proper charge, although it may not have been error under article 723, Code Criminal Procedure.

4.—Same—Argument of Counsel.

It is not proper for counsel to go outside of the record in their argument; although in this case the same was not reversible error in the absence of a requested charge.

Appeal from the District Court of Denton. Tried below before the Hon. Clem B. Potter.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General; *Chas. Mays,* County Attorney, and *H. R. Wilson,* for the State.—Upon question of leading question: Hays v. State, 20 S. W. Rep., 361; Letz v. State, 21 S. W. Rep., 371.

On question of ownership and possession: Frazier v. State, 18 Texas Crim. App., 434.

On question of confession: Burton v. State, 137 S. W. Rep., 1145; Tinsley v. State, 106 S. W. Rep., 347; Jinks v. State, 35 Texas Crim. Rep., 365.

HARPER, JUDGE.—Appellant was convicted of the offense of burglary in the District Court of Denton County, upon an indictment properly returned, and his punishment assessed at four years confinement in the penitentiary.

Appellant assigns many grounds in his motion for a new trial, two or three of which must be sustained. In the first ground appellant contends, while not insisting that the testimony of the witness was inadmissible, yet the State was permitted to elicit it by asking leading questions. The State was seeking to identify a suit case as being the one appellant and one John Williams had in their possession. The district attorney asked the witness: "Do you think you would know that grip if you was to see it? A. I do not know—I think I would. Q. How does that compare with it? A. That kinder looks like the color of the grip they had. Q. Do you know whether it is or not? A. No, sir; I do not know exactly whether that is it or not, but I know that was the color and make of the grip." A leading question is one that suggests the answer to the witness, the question being so framed as to indicate the answer desired. The court did not err in overruling the objection.

In his second bill appellant complains of the ruling of the court in admitting in evidence an alleged confession of appellant, on the ground that said confession was not made in compliance with the laws of this State. As stated in a dissenting opinion in Henzen v. State, 62 Texas Crim. Rep., 336, 137 S. W. Rep., 1141, the writer's individual opinion is that the form of the confession is in substantial compliance with the statute in regard to confessions, and clearly expresses all that it was intended by the Legislature should be contained therein, but the court in the Henzen case, supra, held that a "confession" to be admitted in evidence must be in literal terms of the statute, and if not contained in the face of the instrument, the fact

that the other elements might be susceptible of being shown orally would not render it admissible. In this case the confession reads:

"I, Ollie Majors, now being under arrest charged with theft of some drygoods from Long & Wilson, and after being duly and legally warned by Chas. Mays, county attorney of Denton County, Texas, that I do not have to make any statement at all concerning said charge, and that whatever statement I make concerning same can be used against me on the trial to which same relates, but can not be used for me, and fully understanding the above I waive all of said privileges and here make the following statement of my own free will and accord and for no other reason than that the same is the truth:"

As will be seen by the above the words *"to whom this confession is made"* is omitted, after the words "Chas. Mays, county attorney of Denton County, Texas." Such words, nor words of similar import, do not appear, and in accordance with the opinion in the Henzen case, supra, we hold that the court erred in admitting in evidence the confession of appellant, and as this confession relates to material facts and circumstances, it is such error as will necessarily result in the reversal of this case.

In the charge the jury is authorized to convict appellant if the property was "taken from the possession of J. E. Wilson." In no part of the charge is the jury required to find that J. E. Wilson was the owner of the property stolen, nor is the question submitted to them. While under the evidence the jury could have arrived at no other conclusion than that J. E. Wilson was the owner, yet under our law every issue of fact must be submitted to the jury, and while this might not present reversible error alone under article 723 of the Code of Criminal Procedure, yet as the case must be reversed anyway, we call the court's attention to the omission so that it will not occur on another trial.

Again, appellant complains of the argument of the county attorney, and says he used the following language: "The idea of this double-fisted nigger—that can do more work than any man on this jury— laying around cooking for $15 a week," claiming that such language was very prejudicial to appellant. In the absence of a special charge being requested by appellant asking that the jury be instructed not to consider the remarks, this would not present reversible error, but inasmuch as the case must be tried again, we would suggest to the prosecuting officer that it is not proper to go outside the record in their argument, and as there is nothing in evidence about him being "a big, double-fisted nigger," nor the amount of work he is capable of doing, there was no evidence on which to base the remarks. It is true that probably anyone could tell by looking at the prisoner he was a negro, but the fact that he is a negro should not be so alluded to in the argument in any way as would, or possibly might,

prevent him from receiving at the hands of a jury the same consideration as would any other prisoner.

There are a number of other grounds in the motion, and we have carefully considered each one of them. In none of them is there any error pointed out; on the contrary, the rulings of the court and the charge given, with the exceptions hereinbefore pointed out, were correct.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Rehearing denied November 29, 1911.—Reporter.]