### ED. WHITE v. THE STATE.

#### No. 2032. Decided November 13, 1912.

#### Rehearing granted December 4, 1912.

**1.—Assault to Rape—Recognizance.**

Where the appeal was dismissed on account of a defective recognizance, and thereafter a new recognizance in conformity with law was filed, the appeal is reinstated. Following Burton v. State, 48 Texas Crim. Rep., 544.

**2.—Same—Aggravated Assault—Adult Male—Insufficiency of the Evidence.**

Where, upon appeal from a conviction of aggravated assault, the record did not show any evidence upon which to base a conclusion that the defend-

ant was twenty-one years of age at the time of the alleged assault upon a female, the conviction can not be sustained. Following Davis v. State, 6 Texas Crim. App., 133, and other cases.

Appeal from the District Court of Hill. Tried below before the Hon. C. M. Smithdeal.

Appeal from a conviction of aggravated assault; penalty, eighteen months confinement in the county jail.

The opinion states the case.

*J. E. Clarke,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted, charged with assault with intent to rape, and when tried was convicted of an aggravateo assault.

The recognizance entered into is not in compliance with articles 900-3, and the case must be dismissed because of said defects. It does not state the punishment assessed against him, etc.

The appeal is dismissed.

*Dismissed.*

### ON REHEARING.

### December 4, 1912.

HARPER, JUDGE.—At a former day of this term this case was dismissed on account of a defective recognizance. Appellant files a motion to reinstate, and accompanies his motion with a recognizance in conformity with law and the rules of this court as announced in Burton v. State, 48 Texas Crim. Rep., 544, and the motion is granted.

Appellant was prosecuted, charged with assault with intent to rape, and when tried was convicted of an aggravated assault, and his punishment assessed at eighteen months confinement in the county jail.

The court instructed the jury that "an assault becomes aggravated when committed by an adult male upon the person of a female." And the charge on aggravated assault is predicated on this subdivision of the provision of the Code defining aggravated assault alone. Appellant earnestly insists that there is no testimony in the record that appellant is twenty-one years of age, or was of that age when the offense was alleged to have been committed. The evidence would support the verdict that he is guilty of an assault, but whether aggravated or simple assault would depend upon his age. If he is less than twenty-one years of age, he would be guilty of simple assault only. We have searched the record in vain for some evidence upon which to base a conclusion that he is twenty-one years old, and we find none. The unvarying rule in this court appears to have been announced in Hartsell v. State, 55 Texas Crim. Rep., 389, 116 S. W. Rep., 1159. Judge Brooks rendering the opinion. He says: "Appellant's only contention

is that the evidence fails to show that he is an adult male; the assault alleged being made upon a female. The prosecutrix, in her testimony, in speaking of appellant, uses this language: 'I know John Hartsell, the defendant, like any other boy, in passing.' Then, in another portion of her testimony, in speaking of the appellant, she uses this language: 'I saw the defendant the next day. I identified him as the man who assaulted me that night.' In the case of Davis v. State (Texas Crim. App.), 76 S. W. Rep., 476, in passing upon a similar question will be found the following language: 'We are not authorized to indulge any presumption against appellant. If he is convicted of any offense, it must be upon evidence; and here we find no evidence to sustain the fact that he was an adult male, either of a positive or circumstantial character.' In this case we have the prosecuting witness speaking of appellant as a boy in one place and a man in another place. The word 'boy' is always applied to a male person under twenty-one years of age. 'Man' is a noun used to designate one over twenty-one years of age. For a discussion of similar questions see Davis v. State, 6 Texas Crim. App., 133; Gaston v. State, 11 Texas Crim. App., 143; Tucker v. State (Texas Crim. App.), 43 S. W., 106.

"From the record before us we can not tell whether appellant is a boy or man. By the record alone we are governed. If appellant is a boy, then it could not be aggravated assault. If he is a man, it could. The record on this question ought to have been made more explicit. We are not authorized to indulge presumptions against appellant, but must pass upon the case on the record as made."

We do not deem it necessary to discuss the other questions, but on account of the above error, this case is reversed and the cause is remanded.

*Reversed and remanded.*