### J. T. Mills v. The State.

#### No. 3628. Decided June 16, 1915.

#### 1.—Occupation—Local Option—Selling Intoxicating Liquors—Indictment.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent, the same

was sufficient. Following Slack v. State, 61 Texas Crim. Rep., 372, and other cases.

### 2.—Same—Publication—Newspaper—County Judge—Indictment.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment sufficiently alleged the necessary publication of the order of election carrying prohibition in a newspaper of the county by the county judge, etc., the same was sufficient.

### 3.—Same—Negative Averments—Evidence.

It is not necessary, in a prosecution for pursuing the occupation of selling intoxicating liquors in local option territory, to negative the exceptions under which liquors may be sold under the law. This is a matter of defense, and there was no error to permit the State's witness to testify that he purchased whisky from the defendant. Following Bell v. State, 62 Texas Crim. Rep., 242, and other cases.

### 4.—Same—Evidence—Other Transactions.

Upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, there was no error in showing other transactions of sale of intoxicating liquors about the time alleged in the indictment.

### 5.—Same—Evidence—Presence of Defendant—Res Gestae.

Where, upon trial of selling intoxicating liquors in local option territory, the court only permitted the statements of State's witnesses in evidence, which were made in the presence and hearing of defendant, and were part of the res gestae, there was no reversible error.

Appeal from the District Court of Taylor. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Will S. Payne,* for appellant.—On question of the insufficiency of the indictment: Slack v. State, 61 Texas Crim. Rep., 372, and other cases cited in opinion.

On question of admission of testimony: Murphy v. State, 59 Texas Crim. Rep., 479; Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1040; Keith v. State, 58 Texas Crim. Rep., 418, 126 S. W. Rep., 569; Sutphen v. State, 59 Texas Crim. Rep., 500, 129 S. W. Rep., 144.

On question of negative averments: Sneed v. State, 55 Texas Crim. Rep., 583; Robinson v. State, 75 S. W. Rep., 526.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—The indictment is attacked because it does not sufficiently allege the offense of engaging in the business of selling liquors in local option territory. Under the authorities since Slack v. State the indictment is sufficient. It is also contended the indictment is insufficient because it does not show the county judge ordered the publication for the necessary four weeks in a selected newspaper. We can not concur with this proposition. The indictment charges that it was published the necessary time in said newspaper; that it was a news-

paper selected in the manner required by law by the county judge of Taylor County for the purpose of such publication, and that it was published in the paper, and that the selection and publication was duly certified by the county judge, and certificate entered of record on the minutes of the Commissioners Court. We think that is sufficient allegation to cover that phase of the law.

It is also contended in a bill of exceptions that the court is wrong in permitting A. B. Dean, one of the alleged purchasers, to testify as to sales of whisky made to him by the defendant under the indictment, for the reason that said indictment is void in that it fails to allege that the sale "was not permitted by law," which is a necessary allegation in the indictment, to make it valid; that the words "except as permitted by law" being statutory, the contention is it must be alleged. This has been and is the opinion of the writer, and this court so held in the Keith case cited by appellant, but the Keith case was overruled in the Slack case subsequently decided, from which decision the writer wrote and filed a dissenting opinion. But the decisions since the Slack case have been uniform from the majority of this court, that it is not necessary to negative the exceptions; that that is a matter of defense, and the burden of proof is on the defendant to show that he had the legal right to sell intoxicants under the statute. Dozier v. State, 62 Texas Crim. Rep., 258; Bell v. State, 62 Texas Crim. Rep., 242.

It is also contended, in another bill of exceptions, that the court was wrong in permitting Dean to testify that there were three bottles of whisky in the transaction, whereas the evidence shows that he only bought two from appellant. Appellant excepted to the ruling of the court "in permitting the witness Dean to testify that there were three bottles, which was not the evidence; that there were only two sales tried to be shown by the State that the defendant made to the witnesses Dean and Russell. Further than that the State has not shown by either witness that the defendant was engaged in the business of retail liquor dealer, unless the two sales sought to be proved constituted engaging in the business." The indictment charges that appellant was engaged in the business, and in pursuit of that business made two sales to Dean as well as other persons to the grand jury unknown. The State introduced Russell, who testified that he bought whisky from appellant. It was not charged in the indictment that Russell bought from appellant. Appellant's objection goes to the effect that this was not admissible. The rulings of this court are adverse to this contention. There are two things absolutely necessary to constitute this offense, first, that the accused was engaged in the business of selling intoxicants in prohibited territory, and, second, that he made at least two sales. This is statutory and necessary, of course, to be shown in order to constitute this offense. The fact that Russell was permitted to testify to a sale in connection with other facts tended to show as a circumstance that appellant was engaged in the business. Such has been the ruling of this court.

Appellant also reserved an exception to the ruling of the court per-

mitting Dean to testify that "he did not know who got the alleged bottle of whisky when the evidence shows that the witness could not tell where the alleged sale of whisky went to," after stating that his father, E. P. Dean, Bob Russell and J. J. Kuykendall were present, and that any act or declaration on the part of any of the last named persons could not bind the defendant for an alleged sale of whisky, and was prejudicial to the rights of the defendant, and was not competent testimony against him. The court qualifies this bill by stating: "The court did not permit any statement that was not made in the presence and hearing of the defendant, and which did not constitute a part of the res gestae of the transaction, connected with money being furnished, and whisky being delivered as its result." With this qualification this bill shows no error. The facts briefly stated show that A. B. Dean and his father, E. P. Dean, came to Taylor from Jones County, reaching there Friday evening; that A. B. Dean said he was feeling badly and wanted some whisky. He went to a certain wagon yard and inquired for whisky and failed to get it. Finally appellant came, and at his request Dean furnished $2.50 and defendant gave him a bottle of whisky. The next day the Deans, Russell, Kuykendall and appellant were together at the same place, and they secured another bottle of whisky from appellant, and later another one from Kuykendall. On Saturday evening they bought playing cards and went to appellant's house and engaged in some sort of gambling. Dean said that he became unconscious, but waked up the next morning about 4 or 5 o'clock and found all his money gone. It is also in evidence that appellant receipted for twelve bottles of whisky at the express office, and that Kuykendall had also receipted for a shipment of whisky, and on each occasion Kuykendall and appellant were together. When defendant receipted for his whisky Kuykendall was present, and when Kuykendall receipted for his whisky, appellant was present. Under the decisions there was no error in admitting the testimony about which this complaint is made, and that the evidence under these decisions will support the finding of the jury.

The judgment is affirmed.

*Affirmed.*