### W. M. Joseph v. The State.

No. 4984.   Decided April 10, 1918.

Rehearing denied June 5, 1918.

**1.—Assault to Murder—Aggravated Assault—Recognizance.**

In misdemeanor cases the recognizance must name the offense for which the conviction was had or state the penalty assessed; however, on motion for rehearing, the record being perfected, the appeal is reinstated.

**2.—Same—Excessive Punishment.**

Where appellant complained that the punishment for aggravated assault was excessive, but the evidence sustained the conviction there was no reversible error.

Appeal from the Criminal District Court of Williamson.   Tried below before the Hon. James R. Hamilton.

Appeal from a conviction of aggravated assault; penalty, a fine of two hundred dollars and sixty days confinement in the county jail.

The opinion states the case.

*J. F. Taulbee,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, Judge.—This is a misdemeanor case in which the recognizance fails to name the offense for which the conviction was had, or state the penalty assessed. The motion to dismiss, filed by the State, is based upon this defect. This motion, under the decisions of this State, must be sustained. Art. 903, C. C. P.; White v. State, 68 Texas Crim. Rep., 147, 151 S. W. Rep., 826; Watson v. State, 62 Texas Crim. Rep., 620.

The appeal is dismissed.                                 *Dismissed.*

PRENDERGAST, Judge, absent.

ON REHEARING.

June 5, 1918.

MORROW, Judge.—Appellant was indicted for assault with intent to murder, pleaded guilty to the offense of aggravated assault, and his punishment assessed by a jury at a fine of $200 and confinement in the county jail for sixty days.

There is no complaint of the manner of the trial but the appeal is based upon the theory that the punishment is excessive. The evidence shows that appellant inflicted a wound upon the injured party named in the indictment by stabbing or cutting with a pocketknife. The evidence is quite meager as to the character of the knife and the character of the wound. It does appear, however, that with a pocketknife he stabbed the party named in the breast near the nipple, inflicting a wound about an eighth of an inch in length, striking the sixth rib on the left side of the body, ranging upward. The record discloses no extenuating circumstances except that the appellant is an aged man, and we fail to find the record in condition to authorize this court to disturb the verdict.

The order heretofore entered dismissing the appeal is set aside in response to the motion for rehearing and the judgment of the lower court is affirmed.

*Affirmed.*