## BOB GOSS v. THE STATE.

### No. 4735. Decided May 1, 1918.

**1.—Occupation—Selling Intoxicating Liquors—Recognizance.**

Where, upon appeal from a conviction of pursuing the business of selling intoxicating liquors in prohibited territory, the recognizance failed to allege that the appellant had been convicted, naming the offense, the same was insufficient. However, the appellant having filed a sufficient recognizance in the court below, the appeal will be reinstated.

**2.—Same—Motion for New Trial—Bill of Exceptions.**

Bills of exception add nothing to the motion for a new trial in the alleged errors of the trial judge in admitting evidence complained of, unless they were reserved at the time of the introduction of the evidence.

**3.—Same—Sufficiency of the Evidence—Questions of Fact.**

The credibility of the witnesses and the weight to be given to their testimony in the event of a conflict is a question for the jury, and where the evidence was sufficient to sustain the conviction, there is no reversible error. Following Looper v. State, 74 Texas Crim. Rep., 144.

**4.—Same—Statutes Construed—Burden of Proof.**

While the burden of proof is upon the State to prove that in pursuance of the occupation of selling intoxicating liquors in prohibited territory, defendant made at least two sales to persons, who must be named in the indictment, and that there must be other proof to show that he pursued such occupation, yet the measure of such other proof is not fixed by the law, but where the proof shows that besides such two sales, defendant had received quantities of intoxicating liquor about the time alleged in the indictment, the conviction is sustained. Following Wagner v. State, 58 Texas Crim. Rep., 306, and other cases.

**5.—Same—Case Stated—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibited territory, the evidence showed that defendant made two separate sales of such liquor to the persons named in the indictment, and besides he received quantities of intoxicating liquors through the express office about the time alleged in the indictment, and his explanation of his receipt thereof was a question of fact for the jury, who held him guilty, there was no reversible error. Following Robertson v. State, 77 Texas Crim. Rep., 410.

**6.—Same—Declarations of Defendant.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibited territory, the State was permitted to introduce the voluntary declaration of the defendant while he was not under arrest, or before the grand jury, that he sold beer and requested the witness to assist him in getting immunity, and was not made to induce defendant to plead guilty and receive a suspended sentence, there was no reversible error. Following Brown v. State, 45 Texas Crim. Rep., 139, and other cases.

**7.—Same—Evidence—Other Transactions.**

Upon trial of pursuing the occupation of selling intoxicating liquors in prohibited territory, there was no error in introducing evidence showing the receipt of shipments of intoxicating liquors to the defendant through the express office about the time alleged in the indictment. Following Cowley v. State, 72 Texas Crim. Rep., 173, and other cases.

Appeal from the District Court of Grayson. Tried below before the Hon. C. T. Freeman.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in prohibition territory: penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*B. F. Gafford,* for appellant.—On question of proposition of compromise and the insufficiency of the evidence: Robinson v. State, 66 Texas Crim. Rep., 392, 147 S. W. Rep., 245; Whitehead v. State, 66 Texas Crim. Rep., 482, 147 S. W. Rep., 583; Molthrop v. State, 56 Texas Crim. Rep., 545, 147 S. W. Rep., 1159; Oliver v. State, 68 Texas Crim. Rep., 414, 152 S. W. Rep., 1066; Gearheart v. State, recently decided.

On question of receiving shipments of intoxicating liquors through express office and insufficiency of the evidence: Gorman v. State, 52 Texas Crim. Rep., 24, 105 S. W. Rep., 200; Stephens v. State, 63 Texas Crim. Rep., 382, 139 S. W. Rep., 1141; Atkinson v. State, 67 Texas Crim. Rep., 364, 149 S. W. Rep., 114; Wilson v. State, 69 Texas Crim. Rep., 567, 154 S. W. Rep., 571; Miller v. State, 72 Texas Crim. Rep., 151,

161 S. W. Rep., 128; Counts v. State, 78 Texas Crim. Rep., 410, 181 S. W. Rep., 723.

On question of proposition of compromise and privileged communication: Johnson v. State, 76 Texas Crim. Rep., 346, 174 S. W. Rep., 1047.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The State, through its Assistant Attorney General, has filed a motion to dismiss the appeal on the ground of want of jurisdiction because of the absence of a recognizance such as required by law. The form of the recognizance prescribed is set out in article 903, C. C. P. Among other things, it is required that it shall state that the appellant has been convicted, naming the offense. This is omitted in the recognizance found in the record, and under the decisions of this court it is rendered thereby fatally defective. Watson v. State, 62 Texas Crim. Rep., 620; White v. State, 68 Texas Crim. Rep., 147, 151 S. W. Rep., 826.

The State's motion must be sustained, and the appeal dismissed.

*Dismissed.*

MORROW, JUDGE.—On a former day of the term the appeal herein was dismissed on account of a defective recognizance. A recognizance, made in compliance with the law, has been filed, and the case will be reinstated and considered on its merits.

Conviction was for unlawfully pursuing the business of selling intoxicating liquors in prohibited territory. Specific sales are charged to have been made, one on the 21st of March, 1917, to Lowe Hazlewood, and one on the 14th of April, 1917, to Andrew Roach. Each of them testified to the purchase from appellant of intoxicating liquor at about the time charged in the indictment. One of them testified to two other similar transactions about the same time.

The two express agents testified that a number of shipments of packages purporting to contain beer and whisky had come to the express offices addressed to appellant and in some instances these witnesses testified that the packages had been delivered to appellant and exhibited his receipt therefor, which the witnesses claimed to have seen him sign. In other instances they introduced receipts which they claimed bore his signature. These transactions were quite numerous and covered various dates, most of them during the year 1917, though some of them were in 1916. Another witness testified to the receipt of liquors by express which were shipped in his name at the request of appellant and delivered to the appellant.

The appellant testified and sought to establish an alibi as to one of the transactions laid in the indictment, his testimony going to the point that at the date that the sales were alleged to have been made he was not in Van Alstyne, Grayson County, where the offense was charged to

have been committed, but was in Fort Worth. From his testimony it appears that he had received various shipments of intoxicating liquor. He did not go into details as to the particular times of shipments nor question the accuracy of the data given by the express agents with reference to the matter, but claimed that such intoxicating liquors as he had received had been either for his own use, or had been received under circumstances where he and others had put their money together in advance of the shipments and had had the liquor shipped in his name for convenience and not for sale and that he had sold none to either of the parties mentioned, but that that which had been shipped to him had been used by him and others who had joined in ordering it.

There was testimony impeaching one of the State's witnesses who testified to the sales by proof that his reputation for truth and veracity was bad and there was testimony contradicting the other one as to his whereabouts and that of appellant at the time and place of the alleged transaction.

There are no objections to the admission of evidence upon the trial though the several points made in the motion for new trial are also embodied by bills of exception taken to overruling motion for new trial. These bills add nothing to the motion for new trial and the alleged errors of the trial judge in admitting the evidence complained of therein are not available in that no objection to the evidence was made at the time it was admitted. Vernon's C. C. P., pp. 536-537 and cases cited; also pp. 528-529 and 534-535.

The only question presented for review is the sufficiency of the evidence. The credibility of the witnesses who testified that the sales were made was for the jury and the conflict between their testimony and that of appellant upon that issue having been solved by the jury against appellant, is conclusive upon this court. Looper v. State, 74 Texas Crim. Rep., 144; Johnson v. State, 200 S. W. Rep., 832: White's Ann. C. C. P., sec. 942, and art. 766.

The law puts the burden upon the State of proving in this character of prosecution that the accused is engaged in the business or occupation of selling intoxicating liquors in territory where the sale is prohibited by law (P. C., art. 589), and has the burden of proving that in pursuance of said occupation he made at least two sales of intoxicating liquor to persons who must be named in the indictment. P. C., art. 591; Fisher v. State, 81 Texas Crim. Rep., 568; Gearheart v. State, 81 Texas Crim. Rep., 540; Oliver v. State, 68 Texas Crim. Rep., 414, 152 S. W. Rep., 1066. These cases and others in Vernon's P. C., p. 299, hold that proof that appellant made a sale of intoxicating liquor to each of the parties named in the indictment is not sufficient. There must be other proof, but the measure of the other proof is not fixed by law. It has been held, however, in a number of cases that the evidence was sufficient where the two sales alleged were made, and where the evidence showed that the accused had received quantities of intoxicating liquor through the express

office or otherwise come in possession of it. Vernon's P. C., p. 300, also p. 314; Wagner v. State, 58 Texas Crim. Rep., 306; Waits v. State, 75 Texas Crim. Rep., 507, 171 S. W. Rep., 708; Mills v. State, 77 Texas Crim. Rep., 258, 178 S. W. Rep., 367.

This case, we think, clearly comes within this rule. The explanation of his receipt of various shipments and possession of intoxicating liquor presented an issue which the circumstances authorized the jury to determine against him. Robertson v. State, 77 Texas Crim. Rep., 410, 178 S. W. Rep., 1191.

We regard the evidence as sufficient under the precedents to support the conviction, and the judgment of the lower court is consequently affirmed.

*Affirmed.*

PRENDERGAST, JUDGE, absent.

### ON REHEARING.

#### May 1, 1918.

MORROW, JUDGE.—Appellant draws our attention to the fact that we were mistaken in our conclusion that his bills of exception related to the motion for new trial only.

Bill No. 4 complains of admission of the testimony of the witness Bray, who testified that appellant told him that he had sold the beer to the prosecuting witness, Roach; that appellant voluntarily made this statement and further told the witness that he would plead guilty if he, the witness, would aid him in getting a suspended sentence. The witness was at the time a member of the grand jury, but the conversation took place on the street. The witness did afterwards see the county attorney, who declined to agree to a suspended sentence. The point made against this testimony is that it was inadmissible as a proposition to compromise. The court overruled the objection. Appellant was not under arrest or before the grand jury, and according to the testimony voluntarily made the statement that he had sold the beer and requested the witness to assist him in getting immunity. On the subject we take from Mr. Branch's Ann. P. C., p. 41: "To render a confession inadmissible upon the ground that it was induced by the promise of some benefit to defendant, such promise must be positive, and must be made or sanctioned by a person in authority, and it must also be of such character as would be likely to influence the defendant to speak untruthfully. Thompson v. State, 19 Texas Crim. App., 593; Rice v. State, 22 Texas Crim. App., 654; Carr v. State, 24 Texas Crim. App., 562; Neeley v. State, 27 Texas Crim. App., 324; Cannada v. State, 29 Texas Crim. App., 537; Thomas v. State, 35 Texas Crim. Rep., 178; Carlisle v. State, 37 Texas Crim. Rep., 108; Anderson v. State, 54 S. W. Rep., 581; Williams v. State, 65 S. W. Rep., 1059; Brown v. State, 45 Texas Crim. Rep., 139." Under this rule the evidence was not to be excluded as an

involuntary confession. Neither was it inhibited on the theory suggested by appellant that it was a compromise proposition. From the witness' testimony it appears that the statement that he sold the intoxicating liquor was unqualified. His proposition to plead guilty, however, was conditioned. The statement of fact was apparently independent of the overtures made by appellant. On this subject see Cyc., vol. 16, p. 950.

Another bill complains of the introduction in evidence of testimony relating to the receipt of shipments of intoxicating liquor through the express. The same question presented by this assignment has been determined against appellant's view several times. See Cowley v. State, 72 Texas Crim. Rep., 173; Clark v. State, 61 Texas Crim. Rep., 597; Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1068; Leonard v. State, 68 Texas Crim. Rep., 549, 152 S. W. Rep., 632; Creed v. State, 69 Texas Crim. Rep., 464, 155 S. W. Rep., 240; Brown v. State, 72 Texas Crim. Rep., 33; Miller v. State, 72 Texas Crim. Rep., 151; Robinson v. State, 66 Texas Crim. Rep., 392, 147 S. W. Rep., 245.

The other questions raised relating to the credibility of the witnesses have been passed upon by the jury.

The motion for rehearing is overruled.

*Overruled.*