CHESTER WILLOUGHBY v. THE STATE.

No. 5574. Decided December 10, 1919.

Rehearing granted March 3, 1920.

1.—Burglary—Recognizance—Punishment.

Where the recognizance failed to state the punishment fixed against the appellant the same is defective. Following: Watson v. State, 62 Texas Crim. Rep., 620, and other cases.

2.—Same—Recognizance—Appeal—Felony—Statutes Construed.

Article 320, Vernon's C. C. P., binds the appellant only for his appear- ance in the trial court, but article 903 of said code prescribes the form of re- cognizance which should be given by one who is convicted of a felony and appeals, and such recognizance should state the amount of punishment. Following: Hays v. State, 83 Texas Crim. Rep., 596; 204 S. W. Rep., 330, and other cases. But the appellant was allowed to file in the trial court a proper appeal bond and the case is now here heard on its merits.

3.—Same—Burglarious Entry—Guilty Participation.

Where, upon trial of burglary, the indictment charged burglary by breaking and entry in the usual form, and the evidence showed that the fastening on the transom had been broken off and the property had been taken from the burglarized house, said entry, etc., was sufficiently proved.

4.—Same—Sufficiency of the Evidence—Practice on Appeal.

Inasmuch as the case is reversed for other reasons the sufficiency of the evidence is not discussed as a whole.

5.—Same—Cross-examination—Evidence.

Where the State contended that if any error was committed in the original admission of defendant's statement, that the suit case and grip was his property, the same was rendered harmless because defendant brought out the same facts on cross-examination, the same is untenable.

6.—Same—Confession—Evidence—Fruits of Crime.

Where, upon trial of burglary, the evidence showed that, something like a month after the said burglary, two hand grips and a suit case were

found in different places under a house which was occupied by defendant and his mother who were not at home at the time, and that the grips were taken away by the officers' to police headquarters and defendant later came down to the police station with an officer and as he entered the office said, "That suit case and black grip is my property," the contention of the State that defendant's statement was admissible because the stolen property was found is untenable, because it was already found when the statement was made.

**7.—Same—Declaration by Defendant—Evidence—Arrest—Confession.**

Where, upon trial of burglary, the evidence showed that a suit case and grip were found some time after the burglary which contained the alleged stolen property, and when the defendant was shown the same said that they were his property, the same is a confession and must be taken as an inculpatory statement.

**8.—Same—Evidence—Confession—Arrest.**

Where, upon trial of burglary, it was shown that the defendant when he made the statement of the ownership of the alleged stolen property was in custody of an officer, although he was not then formally arrested, his confession was inadmissible unless it was made as the statute directed and it was reversible error to admit the same in evidence.

Appeal from the Criminal District Court of Bowie. Tried below before the Hon. P. A. Turner, judge.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

*Mahaffey, Keeny & Dalby* and *S. I. Robison,* for appellant.—On question of confessions: Binkley v. State, 51 Texas Crim. Rep., 54, 100 S. W. Rep., 780; Dover v. State, 81 Texas Crim. Rep., 545, 197 S. W. Rep., 192; Wimberly v. State, 22 Texas Crim. Rep., 506.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— On question of cross-examination: Covington v. Sloan, 124 S. W. Rep., 690.

On question of confession: Whorton v. State, 69 Texas Crim. Rep., 1, 152 S. W. Rep., 1082; Mason v. State, 168 S. W. Rep., 122.

On question of arrest: Fielder v. State, 40 Texas Crim. Rep., 184; Turner v. State, 62 id., 65; Lane v. State, 69 Texas Crim. Rep., 65, 152 S. W. Rep., 897.

LATTIMORE, JUDGE.—Appellant was convicted of burglary in the District Court of Bowie County, and given two years in the penitentiary.

The Assistant Attorney General has made a motion to dismiss this appeal, because the recognizance of the appellant, as the same appears in the record, does not show the punishment fixed against appellant. The recognizance is as follows:

"THIS DAY Came into open Court, Chester Willoughby, Defendant in the above styled and numbered cause, who, together with

Frank Davenport and J. A. Davenport, Sureties, acknowledged themselves jointly and severally, indebted to the State of Texas, in the sum of One Thousand ($1000) Dollars, Conditioned that the said Chester Willoughby, who stands charged with the offense of a felony in this Court, and who has been convicted of the offense of a Felony in this Court, shall appear before this Court from day to day, and from Term to Term of same, and not depart therefrom, without leave of this Court, in order to abide a judgment of the Court of Criminal Appeals of the State of Texas, in this cause.''

An inspection of the recognizance will show that the ground of the motion is well taken, and the appeal, for that reason, is dismissed. Hays v. State, 83 Texas Crim. Rep., 569, 204 S. W. R., 330; Goss v. State, 83 Texas Crim. Rep., 349, 202 S. W. R., 956; Watson v. State, 62 Texas Crim. Rep., 620.

The motion is sustained and the appeal dismissed.

*Dismissed.*

ON REHEARING.

January 14, 1920.

LATTIMORE, JUDGE.—This case comes before us both upon the appellant's motion for rehearing, and for permission to file a new obligation for appeal.

The case was dismissed at a former day of this term, because of a defective recognizance.

In the motion for rehearing, appellant insists that it is not necessary for a recognizance, in a felony case, to state more than that appellant was charged with a felony and convicted of a felony, and Article 320, Vernon's C. C. P., is cited in support of this contention. Said article has reference only to the form of recognizance made necessary by our statute, in felony cases pending in the District Court, and binds the appellant only for his appearance in said court, and has no reference to the form of recognizance necessary on appeal. Article 903 of said C. C. P., is the article of our statute which prescribes the form of recognizance which should be given by one who is convicted of a felony, and who desires to appeal; and the length of whose sentence is such as that he may give bail pending such appeal. The form referred to, and prescribed by statute, contains a blank for the insertion of the name of the offense charged against the accused, as well as a blank for the name of the offense of which he is convicted; and we feel sure that if it had been the intention of the Legislature that such recognizance should only state that the accused was charged with a felony, and convicted of a felony, said form would have so stated.

In addition to believing that the recognizance on appeal should state the particular offense charged against the accused, and of which he has been convicted, we also believe that said recognizance should state the amount of his punishment. Our Statute provides that unless said punishment should be for less than a given number of years, bail on appeal is not allowable, and it should be made to appear by recognizance that the punishment is for less than said number of years. In Goss v. State, 83 Texas Crim. Rep., 349, 202 S. W. Rep., 956, the same being a felony case, the appeal was dismissed because the recognizance of appellant, while attempting to follow the terms prescribed by Article 903 *supra,* did not state that appellant had been convicted, and did not name the offense.

In Hayes v. State, 83 Texas Crim. Rep., 596, 204 S. W. Rep., 330, also a felony case, the recognizance was held defective because the same did not set forth the punishment awarded. The motion for rehearing is overruled.

Appellant's motion to be allowed to file a proper obligation for appeal, in case his motion herein for a rehearing is overruled, is granted, and appellant is allowed twenty days after the entry of this order, in which to make and file with the clerk of the Criminal District Court of Bowie County, Texas, an appeal bond, substantially as required by Article 904, Vernon's C. C. P., and to have a copy of said bond, certified by the clerk of said court, filed with the record in this cause in this Court, in which event the said appeal will be held to have been perfected. Failing which, the order of dismissal herein will stand, and the clerk of this Court will at once notify the attorneys of record of appellant, of this order.

*Overruled conditionally.*

ON REHEARING.

March 3, 1920.

LATTIMORE, JUDGE.—Appellant having filed an appeal bond, heretofore directed by the order of this Court, the dismissal of his appeal will be set aside, the cause reinstated, and now considered on its merits.

Appellant's first contention is that the evidence does not support the judgment, either as to the fact of a burglarious entry, or as to guilty participation by appellant.

Mr. Howell, the owner of the alleged burglarized house, had a place of business in Texarkana, Texas, which, according to his testimony, was locked and closed when he left it on Monday night, March 24, 1919, at which time the transom over the front door was also closed and latched. The next morning it was discovered that the holder, or fastening of the transom had been broken off,

and had dropped down, and was found lying by the side of the door; the transom was sprung so that it would not go back in place; its hinges were partly split out, and the dust and dirt which had settled in the transom, had been rubbed off. It was further discovered that property which was in the store when closed the night before, was missing.

The indictment charged burglary by breaking and entry, in the usual form, and we think the evidence ample to support the allegation and to establish the fact that the house had been burglarized in the manner and form as set out in the indictment.

Referring to the other contention, that the evidence does not support the conviction, we observe that inasmuch as the case must be reversed for the erroneous admission of certain evidence, we will not express an opinion as to the evidence as a whole. From the record it appears that something like a month after said burglary, two hand-grips and a suit-case were found in different places under the house in Texarkana which was occupied by appellant and his mother, neither of whom appeared to be at home at that time, and neither of whom testified on the trial. Some evidence indicates that said house was a rooming house, though nothing appears to show that other persons actually occupied said house at the time the grips and suit case were found. When the officers found said grips and suitcase, they took same to the police headquarters, and an officer was detailed to remain at the premises, with instructions to bring appellant down to the station when he came in, the avowed purpose being to investigate and see if he could explain the circumstances of the property being placed where it was. The appellant later came down to the police station with said officer, and as he entered the office, it appears that he said— "That suit-case and black grip, is my property." It is further made to appear that no one had asked him any question before he made this statement, and except inferentially, no prior arrest was shown. The chief of police, however, testified that at the time the defendant was there, he was being detained. Appellant complains of the admission of this evidence, because at the time, he was in the custody of the officers and under arrest, within the terms of Art. 810, Vernon's C. C. P. The State asserts that if any error was committed in the original admission of this statement, same was rendered harmless because, upon cross-examination, appellant brought out the same facts. We know of no decision of this Court, nor rule of criminal law, which compels an accused, when evidence has been admitted over his objection, to refrain from the right of cross-examination as to such evidence, or else be penalized by loss of his objection and bills of exception.

It is also contended by the State that this evidence was admissible, under the well settled rule that a confession is competent when in same, or in connection therewith, statements are made which are

found to be true, and conduce to establish the guilt of the accused, such as the finding of stolen property, or the instrument used in the commission of a crime. We agree to the correctness of the rule cited, but not to its application to the instant case. The officers had already found the grips and suit-case, and had brought same to the police headquarters before appellant appeared and made such statement. We find nothing in said declaration which could or did lead to the discovery of stolen property. The officers not only were then in possession of the grips, but they had looked into same, and observed that the contents were merchandise and articles of clothing. They intended to further examine said grips, and did do so but not because of the statement made by him. There was no evidence, aside from appellant's statement, showing that the grip and suit-case in fact belonged to him. We cannot agree with this contention of the State.

The bill of exception urging that the admission of this statement was erroneous, was prepared and filed by the court below, in lieu of one presented by appellant, and is very full and explicit. It was not claimed by the State that appellant was warned at the time he made said statement, and the trial court states in the conclusion of his bill of exceptions that he overruled the objection because of his opinion that the accused was not under arrest at the time he claimed the grips and suit-case, and if he was under arrest, such statement was not a confession. Was this statement a confession, as contemplated by the terms of Article 810, *supra?* The exact language used by appellant, was: "That suit-case and black grip is my property." The suit-case and grip at that time contained property which had been recently stolen from the burglarized store. The manifest purpose of the State, in introducing this evidence, was to thereby add to the circumstance of finding said property under the house where appellant lived, the cogent circumstance of his claim of ownership of the grip and suit-case; else, why offer it? It was an inculpatory statement, and if competent, was very material. We have held that when a direct confession will be inadmissible, a statement of collateral facts tending to establish the main fact, is likewise inadmissible. Austin v. State, 15 Texas Crim. App., 388; Nolen v. State, 9 Texas Crm. App., 419; Haynie v. State, 2 Texas Crim. App., 168; Majors v. State, 63 Texas Crim. Rep., 488. We think this rule a sound one. A confession is an acknowledgment of guilt, and guilt may be proven by a connected chain of acts and declarations as completely as by the direct testimony of an eyewitness, or a direct admission. A confession is as much one when an admission of a criminating fact, as when the admission of the entire crime, and we are unable

to distinguish the difference between the law of a partial and that of a complete acknowledgment of guilt. We think the statement in question one within the term *confession,* as used in Article 810, *supra.*

Was the accused under arrest, or in custody at the time the statement was made? The question of what is an arrest or custody, is one of law, for the court, and when the evidence is uncontroverted, and no issue of fact is thereby raised, it is for the court to decide whether or not the accused was situated so as that the statement was admissible or not. Article 734, Vernon's C. C. P., and authorities cited; Clark v. State, 84 Texas Crim. Rep., 390, 207 S. W. Rep., 98.

In the instant case, the evidence was without contradiction, to the effect that the chief of police left an officer at the house where the grips and suit-case were found, with instructions to bring appellant to the station, and that in accordance with such instructions, he was later brought there. The exact language attributed to the chief of police, in the bill of exceptions in one place, is as follows: "Defendant was, at the time he was there at the police station, being detained by this police officer and myself." We regret our inability to agree with the conclusion reached by the learned trial judge about this matter, but to us it seems beyond question that appellant was "in the custody of an officer" when the statement of ownership of the grips and suit-case was made, and that being true, under our view that such statement must be treated as a confession same was inadmissible. The record does not disclose whether appellant was then formally arrested, or permitted to go free; nor does it appear by bill or otherwise, what transpired between him and the officer who bought him to the police headquarters; but the uncontradicted evidence showing that he was in fact then under detention by the officers, would, we think, exclude the said statement. We are not passing upon what might be proper, if the evidence were fully developed, showing that he came voluntarily to the police station upon invitation, and that he was not then arrested and placed in formal custody, but permitted to go free.

Believing that, under the uncontradicted record, appellant was in custody, we conclude that the court erred in admitting this evidence, and that the judgment of the trial court must be reversed, and the cause remanded.

*Reversed and remanded.*