DIAL SINGLETON v. THE STATE.

No. 5771.    Decided April 7, 1920.

Rehearing Denied May 5, 1920.

1.—Burglary—Private Residence—Recognizance.

Where, the recognizance failed to state the offense with which the appellant was charged and of which he was convicted, the same is insufficient. Following Goss v. State, 83 Texas Crim. App., 349; however, where a proper recognizance is thereafter filed. the appeal is reinstated and the cause decided upon its merits.

2.—Same—Evidence—Confession—Fruits of Crime—Threats.

Where defendant objected to the introduction of testimony as to his confessions on the ground that they were made under arrest. and secured by threats or persuasion, and while defendant was unwarned, but the record showed that his confessions led to the recovery of the fruits of the crime, the same were admissible in evidence and there was no reversible error.

Appeal from the District Court of Sabine.   Tried below before the Honorable W. T. Davis.

Appeal from a conviction of burglary of a private residence.   Penalty: five years imprisonment in the penitentiary.

The opinion states the case.

*Minton & Lewis,* for appellant.—On question of confession: Warren v. State, 29 Texas, 370.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of confession: Weller v. State, 16 Texas Crim. App., 200; Jones v. State, 50 Texas Crim. Rep., 329.

DAVIDSON, PRESIDING JUDGE.—This conviction was for burglary of a private residence.   Motion is made by the Assistant Attorney General to dismiss the appeal because the recognizance entered into to consummate the appeal is not in accordance with the law.   After reciting that the parties came into open court and entered into a recognizance, it further recites that defendant "stands charged with the offense of the felony in this court and who has been convicted of the offense of a felony in this court, shall appear," etc.   The point of attack in the motion is that the recognizance is not sufficient in failing to state the offense of which appellant stood charged and of which he was convicted; that it is not sufficient to allege broadly and generally that the party was charged with a felony and convicted of a felony.   If this had been an appearance bond it might have been sufficient, but this rule does not apply to an appeal recognizance after conviction of a felony.   This character of recognizance had been held illegal in several cases. Willoughby v. State, 87 Texas Crim. Rep., 40, 219 S. W. Rep., 468; decided at the present term of the court; Goss v. State, 83 Texas Crim. Rep., 349, 202 S. W. Rep., 956; Hayes v. State, 83 Texas Crim Rep., 596, 204 S. W. Rep., 330.

For the reasons indicated we think the motion of the Assistant Attorney General is well taken and should be sustained.   The appeal is dismissed.

*Dismissed.*

---

ON REINSTATEMENT.

May 5, 1920.

DAVIDSON, PRESIDING JUDGE.—This conviction was for burglary of a private residence.   On a former day of the term the appeal was

dismissed because of insufficient recognizance. A proper recognizance has been filed, and, therefore, the appeal is re-instated and will be decided upon the record.

There is but one question in the case, though presented by different bills of exception. The first and second bills were reserved to the action of the court permitting the two witnesses, one named in each bill, to testify to appellant's confession. The third bill was to the refusal to give a charge instructing the jury not to consider the confession, and the fourth was reserved to the overruling of the motion for new trial.

The evidence shows that the private residence was burned at night; that it had been closed and the owner and his family were absent, and that during their absence at night the house was burned. There was a pistol in the house which had been borrowed by the owner of the residence from a relative. The owner of the house was anxious to recover this pistol. After investigating the premises and matters connected with the burning, the conclusion was reached that appellant was either guilty or had some connection with it. He had in the meantime gone to an adjoining county. He was followed there by the owner and a deputy sheriff of Sabine County. After conferring with the sheriff of the county where appellant was located, they took him in charge, and either by threats or persuasion, or both, he made a confession, told the circumstances, and through his confessions and his acts while under arrest they recovered the pistol. The whereabouts of the pistol was unknown until appellant made the confession and went with the officers to the parties from whom the pistol was secured   The confession is full, connecting appellant with entering the house, seeking the pistol, and, as he claimed, incidentally burning the house while in it. He disclaimed any wilful purpose in regard to burning the house in his confession, but stated that in lighting matches and hunting around through the house for property and perhaps the pistol specially the house caught fire. Under the testimony, before he could have entered the house some opening must have been forced and the house broken. We are of opinion that the confession, although appellant was under arrest, was admissible, though secured by threats or persuasion. Articles 809 and 810 C. C. P., provide that unwarned confessions shall not be used when the party is under arrest unless in connection with that he makes statements which lead to the recovery of the fruits of the crime, and where he does make such statements they are admissible, although unwarned and under arrest, and although the confession is obtained by persuasion or by threats. The cases will be found collated in Branch's Crim. Law, Sec. 222, and Branch's P. C., pp. 36 and 37. The authorities are quite numerous sustaining the above statements and are in harmony with the statute. It is thought unnecessary to take up, analyze or quote from these opinions. They all sustain the ruling of the court with reference to the propositions above stated.

There being no reversible error in the record the judgment is affirmed.

*Affirmed.*