# APRIL, 1920.

### HENRY YOUNG v THE STATE.

#### No. 5766.   Decided April 7, 1920.

**1.—Carrying Pistol—Recognizance—Punishment.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, the recognizance was not in substantial compliance with Article 903, Code Criminal Procedure, and failed to state the punishment assessed against the defendant, the same was insufficient. Following Watson v. State, 62 Texas Crim. Rep., 620, and other cases.

**2.—Same—Rehearing—Former Conviction—Separate Offenses.**

Where, upon motion for rehearing, it was shown that appellant had filed the proper recognizance, the case will be heard on its merits: Defendant's contention of a former conviction of an assault, is untenable, although the indictment charged that he was then and there unlawfully carrying a pistol. This was mere surplusage, and a conviction for assault does not bar the prosecution in the instant case for unlawfully carrying a pistol. Following Nichols v. State, 37 Texas Crim. Rep., 616, and other cases.

Appeal from the County Court of Aransas.   Tried below before the Honorable F. Stevens.

Appeal from the conviction of unlawful carrying of a pistol; penalty: a fine of $100.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—By motion the Assistant Attorney General suggests that this court has not acquired jurisdiction to decide this case on its merits, for the reason that a recognizance in substantial compliance with the statute is wanting.   On appeal to this court the statute, Article 903, Code of Criminal Procedure, requires that the recognizance in a case of misdemeanor shall state the punishment; at least, it has been construed in a uniform line of decisions to be incomplete if it fails to state the punishment.   Watson v. State, 62 Texas Crim. Rep., 620; White v. State, 68 Texas Crim. Rep., 147; 151 S. W. Rep., 826; Goss v. State, 83 Texas Crim. Rep., 349, 202 S. W. Rep., 956; Hayes v. State, 83 Texas Crim. Rep., 596, 204 S. W. Rep., 330.   In the instant case the judgment shows that the fine entered against appellant was $100.   In the recognizance the fine is described as "One Hundred."   It is essential that the recognizance

comply with the law, otherwise it would be inadequate to support a judgment forfeiting bail.

Under the facts and the law, we are constrained to sustain the motion of the State, and the appeal is accordingly dismissed.

*Dismissed.*

ON REHEARING.

June 16, 1920.

MORROW, JUDGE.—The order heretofore entered dismissing the appeal is set aside upon the motion of appellant accompanied by a proper recognizance. On the merits of the case, the conviction is for unlawfully carrying a pistol on and about his person. He was previously convicted of an assault in an indictment charging that he did "then and there while unlawfully carrying on and about his person a pistol, with the said pistol in and upon Willie Bell make an assault." The occasion upon which the assault was made was the same as that upon which the present conviction is had. The contention is urged that the conviction for the assault bars this prosecution for unlawfully carrying a pistol. The indictment in the assault case charged the offense awkwardly, and included therein surplusage, that is, "while unlawfully carrying on and about his person a pistol" was not necessary. The indictment, however, we think did not charge the appellant with the offense of unlawfully carrying a pistol, but in describing the occasion charges with unnecessary particularity that it was done while he was unlawfully carrying one. The offenses are different, punished with different penalties, and that of unlawfully carrying a pistol is not included in the statutory offense of an assault. An assault may be made with a pistol unlawfully carried. We have a statute expressly so declaring. See Vernon's Texas Crim. Statutes, vol. 1, art. 1024a. The case of Nichols v. State, 37 Texas Crim. Rep., was one in which the prosecution was for unlawfully carrying a pistol. The plea of former conviction for rudely displaying a pistol was stricken out, and the ruling sustained. So in Burns v. State, 36 Texas Crim. Rep., 606, the propriety of a double conviction was recognized where one was charged with unlawfully carrying a pistol, and also charged on the same occasion with carrying it within a prohibited distance of a polling place during an election. In Woodrow's case, 50 Texas Crim. Rep., 212, the ruling was that a plea of former acquittal of an assault with intent to murder was not available in bar of a prosecution for unlawfully carrying a pistol upon the same occasion. In Ford's case, 56 S. W. Rep., 918, the plea of former conviction "charged that the appellant had been convicted of an assault with intent to murder, and that the carrying of the pistol was a part of the same transaction, that is, he had the pistol and used it in said assault." This plea as a bar to the prosecution for carrying the pistol was rejected.

Our attention has been drawn to no authorities supporting the view of appellant. Those we have cited we regard as analogous, and in our judgment the reasons expressed in them controlling their rendition support the ruling of the trial court.

The former judgment dismissing the appeal is set aside, the motion for rehearing granted, and the judgment affirmed.

*Affirmed.*