## Haywood Orange v. The State.

No. 9160. Delivered June 10, 1925.

Reinstated. Delivered October 21, 1925.

**1.—Possessing Equipment for Manufacture—Recognizance Defective—Appeal Dismissed.**

Where on appeal from a conviction for possession of equipment for the manufacture of intoxicating liquor, the recognizance recites that appellant was convicted of the offense of "possessing a still," it is insufficient. To give this court jurisdiction, the recognizance must describe the offense. See Art. 903, C. C. P. For insufficient recognizance the appeal is dismissed. Following Hardin v. State .36 Tex. Crim. Rep. 460 and other cases cited.

**2.—Same—Proper Recognizance Filed—Cause Reinstated.**

A proper recognizance having been filed within the time granted by this court, this cause is now reinstated, and will be considered on the merits.

**3.—Same—Evidence Held Insufficient.**

Where upon a trial for possession of equipment for manufacturing intoxicating liquor, the evidence for the state disclosed that certain tin cans, some of which contained liquids, that was not identified as being mash,

and a worm, identified as belonging to a man who had been convicted of manufacturing liquor previously, on the same premises, there being no evidence of the recent use of such equipment, nor that the liquids found could be used to manufacture liquor, we do not regard these circumstances of such cogency as to establish the appellant's guilt of the offense charged, and the judgment will be reversed.

Appeal from the District Court of Rusk county. Tried below before the Hon. Chas. L. Brachfield, Judge.

Appeal from a conviction of possessing equipment for the manufacture of intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Futch & Cooper*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of equipment for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The recognizance recites that the appellant was convicted of the offense of "possessing a still." It does not state whether it was a still for manufacturing intoxicating liquor or for what purpose it was used. A recognizance, to give jurisdiction to this court where the accused is released, is required by statute to describe the offense. See Art. 903, C. C. P. Unless the offense is described in the recognizance, the appeal must be dismissed. See Hardin v. State, 36 Tex. Crim. Rep. 460; McKey v. State, 87 Tex. Crim. Rep. 228; Singleton v. State, 87 Tex. Crim. 302; and other cases collated in Vernon's Tex. Crim. Stat., Vol. 2, 1922 Supplement, p. 2628.

Upon the motion of the State, the appeal is dismissed.

*Dismissed.*

### ON MOTION TO REINSTATE.

MORROW, Presiding Judge.—Permission is granted the appellant to file in the trial court a new bond in compliance with Art. 903, C. C. P., and to forward to this court duly certified copy thereof within fifteen days from this date, whereupon the dismissal will be set aside and the case reinstated; otherwise the order of dismissal will become final. See Art. 923, C. C. P.

MORROW, Presiding Judge.—The offense is the unlawful possession of equipment for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

A proper recognizance having been filed, the dismissal is set aside and the case reinstated.

The indictment charges that the appellant unlawfully possessed equipment for the manufacture of intoxicating liquors, namely, "one complete still."

According to one of the State's witnesses, on the premises at which the appellant, his mother and brother resided, there were found by the sheriff two or three oil cans and lard cans and a lot of mash. These cans were in one of the rooms of the residence, a room which was not used for sleeping purposes. There were also a 50-gallon lard can and a square can which appeared to have had something cooking in it. There was a copper worm or coil under the stairway. There was some so-called mash in the smoke-house. Appellant was not present at the time. The mash did not have the appearance of any that had been previously seen by the officers. There was a rat in the stuff found the smoke-house. Appellant was an unmarried man. The mash in the smoke-house appeared to be old stuff; "it was kind of white and ropy." There was an old negro woman on the premises.

Another officer testified that there were five cans altogether. Some of the cans had the appearance of having been cooked upon. One can was two-thirds full of something like meal and water. Another can had eight or ten-gallons of the same stuff. In the smoke-house there were twenty or twenty-five gallons of stuff in a barrell. The stuff in the house appeared to have been strained and did not have the same appearance as that in the barrel. One of the cans had the appearance of having been cooked upon. It had mash in it. It did not have any meal like that in the barrel. The coil belonged to Robert Williams, who had some time before been sent to the penitentiary for the manufacture of whiskey.

Samples of the liquids found upon the premises were in the possession of the sheriff. A deputy sheriff testified:

"I have had quite a lot of experience in seeing mash and things for making whiskey, and this mash did not appear like any that I had seen before."

In reply to a question the witness said:

"If the vessels had been coupled up and fire put under them, I would hate to drink the whiskey made from them; but you could produce liquor on that outfit."

The witness said that he made no examination of the worm, but he knew it had been used by Williams. The can appeared to be smoked. The witness testified that the articles found could be assembled into a still but that other articles would be necessary, such as cement or mud to fasten them together. He found nothing of that kind on the premises. Neither did he find any water for use.

The place upon which the property was found belonged to Morris Orange, a brother of the appellant.

A synopsis of the testimony of the appellant's witnesses, besides himself, was this: The articles mentioned had been around the house for a long time. They had been used by Rob Williams who had been sent to the penitentiary some time before. The place was in charge of Bess Orange. Williams owned the place and the articles found by the officers had been on it for a long time. It had not been used for making whiskey while the appellant lived upon the place, though he knew of its being there. When Williams was convicted, he left the property on the place.

The evidence adduced by the State impresses us as tending to support the theory of the appellant to the effect that the articles found were not in his possession, and were in their present condition not suitable for making intoxicating liquor such as could be used as a beverage. The fact that the articles found belonged to and had formerly been used by Williams and that he had at some previous date been sent to the penitentiary was proved by State's witnesses. The premises had belonged to Williams and had been acquired by the appellant's brother. This testimony was not controverted and was in no sense inconsistent with the evidence of the State. On the whole record, the circumstances are not deemed of such cogency as to establish the appellant's guilt of the offense charged.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*