### C. A. TALLEY ET AL. v. THE STATE.

No. 2251.   Decided June 24, 1902.

**Recognizance on Appeal—Surrender by Sureties.**

There is no provision of our statute authorizing the surrender by the sureties of the principal in a recognizance which has been entered into to perfect an appeal from the county court to this court.

Appeal from the County Court of Gonzales. Tried below before Hon. W. W. Glass, County Judge.

Appeal from a judgment forfeiting a recognizance given to perfect an appeal from the County Court to the Court of Criminal Appeals.

No statement necessary.

*Burgess, Hopkins & Rainbolt,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This is an appeal from a forfeited recognizance given upon the appeal of a misdemeanor conviction in the County Court of Gonzales. County, to this court.

Appellant's first assignment of error is: "The court erred in sustaining the State's exception to the answer of defendants, and in entering final judgment upon the forfeited recognizance; the said answer showing a complete defense to said forfeiture, in that it alleged the surrender by the sureties of the principal in said forfeited recognizance, into the actual custody of the sheriff of Gonzales County, prior to the forfeiture of the recognizance herein." In appellant's answer in the lower court it is stated: "That after recognizance, as alleged, was entered into, the sureties became suspicious of the principal's intention not to abide the action of the higher court, and caused said principal to be arrested; and on October 29th he was delivered and surrendered by them and through their procurement to the sheriff of the court, and he was by said sheriff, on November 1st thereafter, put in the county jail of this county, where he remained until in February thereafter, when he was taken from said sheriff's custody under a felony capias from the District Court of De Witt County; and they are informed he escaped therefrom." The record shows the court sustained the State's exception to the answer of appellants, and entered final judgment upon the forfeited recognizance in the sum of $350, with interest at the rate of 6 per cent per annum, from the 21st day of May, 1901, and for all costs. In support of appellant's contention that the court erred in sustaining said exception, he cites articles 310, 318, 324, 327 of the Code of Criminal Procedure. These articles relate to bail bonds. And the case of Wheeler v. State, 38 Texas, 173, cited by appellant, also relates to bail bonds. There is no provision of our statute authorizing the surrender by the sureties of the principal in the recognizance, where the recognizance is entered into to perfect an appeal from the county court to this court. There are but two modes of appeal in misdemeanors to this court: (1) by appellant giving recognizance; and (2) by appellant going to jail and remaining continuously in jail during the pendency of the appeal. It takes one of these modes to give jurisdiction to this court; and there is no provision authorizing the surrender of the principal under any conditions pending such appeal, as insisted by appellants. We therefore hold that the court did not err in sustaining the State's exception to the answer of appellants. The judgment of the lower court is in all things affirmed.

*Affirmed.*