JAMES WATSON v. THE STATE.

No. 1225.    Decided June 21, 1911.

1.—Adultery—Fornication—Recognizance—Reinstatement.

Where a sufficient recognizance was properly filed after the dismissal of the appeal, on account of a defective recognizance, the appeal will be reinstated.

2.—Same—Married Woman—Unmarried Woman—Variance.

Where, upon trial of adultery and fornication, charging the parties with living together and having carnal intercourse with each other, the woman being unmarried, the evidence showed that the woman was married, the variance was fatal, although the woman's testimony as to her marriage was not corroborated; there being no evidence by the State that she was unmarried.

Appeal from the County Court of Ellis. Tried below before the Hon. J. C. Lumpkins.

Appeal from a conviction of adultery; penalty, a fine of $50.

The opinion states the case.

*Amzi Carothers,* for appellant.—Cited Whitaker v. State, 12 Texas Crim. App., 436; O'Mealy v. State, 1 Texas Crim. App., 180; Wolfforth v. State, 31 Texas Crim. Rep., 387; Goode v. State, 16 Texas Crim. App., 411; Foster v. State, 8 Texas Crim. App., 248; Wells v. State, 9 Texas Crim. App., 160; Cosgrove v. State, 37 Texas Crim. Rep., 249, 39 S. W. Rep., 367; Pena v. State, 46 Texas Crim. Rep., 458, 80 S. W. Rep., 1014.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The recognizance is deficient in that it fails to state the amount of the punishment or its character. This omission from the recognizance renders it fatally defective and requires a dismissal of the appeal. The appeal is dismissed.

*Dismissed.*

ON REHEARING.

June 21, 1911.

DAVIDSON, PRESIDING JUDGE.—At a former day of this term the

appeal in this case was dismissed because the appeal recognizance was not in the terms of the statute. Since the judgment of dismissal appellant has complied with the Act of the Legislature and has filed a legal and sufficient recognizance which entitled him to a reinstatement of his case and disposition of it on the questions involved in the appeal. The case therefore is reinstated, and will be disposed of on the matters urged for revision.

The complaint and information contain four counts: The first alleges that appellant and Fannie Granville, a woman, were living together and having carnal intercourse, appellant being a married man; the second count charges that appellant and Fannie Granville did then and there unlawfully have habitual carnal intercourse without living together, Fannie Granville being then and there lawfully married to another person; the third count charges the parties with living together and having carnal intercourse, Fannie Granville being an unmarried woman; the fourth count charges them with having habitual intercourse without living together, Fannie Granville being an unmarried woman.

The court submitted only the third count, which is that the parties lived together and had carnal intercourse with each other, the woman being unmarried. The evidence shows that Fannie Granville was a married woman at the time of the fornication or adultery. She testified to this fact, and that she had been a married woman for six years, though she had not seen her husband for a couple of years. None of the other witnesses knew whether she was or was not a married woman. The evidence indicates that appellant was an unmarried man.

There are several questions suggested why the judgment should be reversed. It is sufficient, we think, to dispose of this case upon the proposition that the evidence does not support the conviction. The count under which the conviction was obtained, the only one submitted, alleged that Fannie Granville was an unmarried woman. Her evidence shows that she was a married woman. This is such a clear variance between the allegation and the evidence that it can not afford the basis of a conviction. We do not understand upon what theory the court's charge is predicated. The State, in order to obtain a conviction under this count, must show beyond a reasonable doubt that the woman was unmarried. There was no evidence introduced on the question except that of the woman herself, and she testifies that she was a married woman. It is true that she was not corroborated as to that fact, but if her testimony be eliminated we have none on the question in the record. The State must prove its allegation. It can not obtain a conviction for want of evidence to support the allegation that she was unmarried. The fact that she was not corroborated as to being a married woman would not prove that she was an unmarried woman. Eliminate her testimony and the record would be silent as to whether she is married or unmarried. A conviction can not be obtained for

want of testimony. The allegations in the information must be proved. There must be evidence to sustain it.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*