## Ex-Parte Edwin Cobb.

### No. 2385. Decided March 5, 1913.

**1.—Felony—Bail Bond—Statutes Construed—Surety.**

Under Articles 322 and 330, Revised Code Criminal Procedure, a surety on a bail bond or recognizance on appeal has a right to surrender his principal and be released from liability on the undertaking; and the provisions of the code in regard to release of sureties on bail apply as well to bonds given before as after conviction. Overruling Talley v. State, 44 Texas Crim. Rep., 162.

**2.—Same—Case Stated—Surrender of Principal by Surety.**

Where appellant was convicted of a felony, gave notice of appeal and entered into bail bond pending his appeal, and thereafter his surety surrendered him to the sheriff and he subsequently escaped, but was recaptured, his contention that his surety had no right to surrender him and that the original bail bond is still in effect is untenable.

Appeal from the District Court of Fannin. Tried below before. the Hon. Ben H. Denton.

Appeal from a habeas corpus proceeding asking release from arrest on the ground that his bail bond previously given was still in effect.

The opinion states the case.

*Cunningham & McMahon,* for relator.—Citing Jordan v. State, 59 Texas Crim. Rep., 208; 128 S. W. Rep., 139; Talley v. State, 44 Texas Crim. Rep., 162.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The facts in this case show that appellant was convicted of a felony and sentenced to a term in the penitentiary. He gave notice of appeal, and asked the court to fix the amount of his bail, pending his appeal. This the court did at $2500.

After the adjournment of court he gave bond in this sum and was released. While the case was pending on appeal, one of his sureties desired to be released from the bail bond, and carried relator to the sheriff and surrendered him. He subsequently escaped, but was captured by the sheriff and is now in jail in Fannin County.

He sued out a habeas corpus before Judge Denton, contending that the surety had no right to surrender him to the sheriff, nor to be released from his bail bond, and he is entitled to be released on the original bail bond. After hearing the case, Judge Denton remanded relator to the custody of the sheriff and he prosecutes this appeal.

Appellant's contention is that a surety on a bail bond or recognizance, on appeal has no right to surrender his principal and be released from liability on the undertaking. That the provisions of the Code in regard to release of surety on bail applies only to bonds given before conviction, and do not apply to bail bond given after conviction. And in this contention he is supported by the case of

Tally v. The State, 44 Texas Crim. Rep., 162. We have searched our reports and find no other decision so holding, and according to our view of the law that decision is in direct conflict with the Code of Criminal Procedure and should not be followed, and it is hereby overruled. Article 330 provides that those who may have become surety for an accused person, may at any time release themselves of their undertaking by. surrendering the accused into custody of the sheriff of the county where he is prosecuted.

And Article 322 provides that "the rules laid dòwn in this chapter respecting recognizances and bail bonds are applicable to all such undertakings when entered into in the course of a criminal action, whether before or after an indictment or information, *in every case* where authority is given to any court, judge, magistrate or other officer, to require bail of a person accused of an offense."

This is broad enough and does embrace all bail bonds and the surety, by surrendering his principal to the sheriff, was released from his liability.

Therefore, the Judge of the district court did not err in remanding relator to the custody of the sheriff and the judgment is affirmed.

*Affirmed.*