### LUTHER STUBBLEFIELD v. THE STATE.

#### No. 4886. Decided February 13, 1918.

**Fornication—Insufficiency of the Evidence.**

> Where, upon trial of fornication as defined in article 494, P. C., there was no proof to show that the parties were both unmarried, the conviction could not be sustained. Following Wells v. State, 9 Texas Crim. App., 160, and other cases.

Appeal from the County Court of Kaufman. Tried below before the Hon. J. P. Coon.

Appeal from a conviction of fornication; penalty, a fine of fifty dollars. The opinion states the case.

*Huffmaster & Huffmaster,* for appellant.—On question of insufficiency of the evidence: Boswell v. State, 48 Texas Crim. Rep., 47; Burnett v. State, 44 id., 226.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of fornication. This offense is defined in article 494, Penal Code, as follows: "Fornication is the living together and carnal intercourse with each other, or habitual carnal intercourse with each other without living together, of a man and woman, both being unmarried."

There is no evidence to the fact that either the man or the woman named in the indictment were unmarried. The absence of this proof renders the evidence insufficient to sustain the conviction. The exact question was passed upon by this court in the case of Wells v. State, 9 Texas Crim. App., 160, which was reversed on the same point. Presiding Judge White, writing the opinion, remarks: "To make out the case the State should have shown the parties in the language of the statute were both unmarried." The same disposition on the same ground was made of the case of Watson v. State, 62 Texas Crim. Rep., 620.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*