### Lee Godby v. The State.

No. 5967. Decided November 24, 1920.

Rehearing granted January 12, 1921.

1.—Perjury—Recognizance—Practice on Appeal.

Where the recognizance failed to state the offense for which the appellant was convicted or the punishment assessed and was otherwise defective, the appeal must be dismissed, following Watson v. State, 62 Texas Crim. Rep., 620, and other cases; however, the proper recognizance having been filed thereafter, the case is considered on its merits.

2.—Same—Credible Witness—Corroboration—Statutes Construed—Accomplice.

Under Article 906, C. C. P., it is required that the falsity of the statement as the basis of the charge of perjury be sworn to by two credible witnesses or by one credible witness corroborated strongly by other evidence as to such falsity, and an accomplice is not a credible person under the decisions of this court. Following Conant v. State, 51 Texas Crim. Rep., 610, and other cases.

3.—Same—Case Stated—Insufficiency of the Evidence.

Where upon trial of perjury, the main State's witness was shown to have been an accomplice, and could not be considered a credible witness, and besides had a bad reputation for truth and veracity, this court is unable to bring itself to believe that there was before the trial court in the instant case, the testimony of one such credible witness to the falsity of the alleged perjured statement of defendant as is required by law, and the judgment must be reversed and the cause remanded.

Appeal from the District Court of Parker. Tried below before the Honorable F. O. McKinsey.

Appeal from a conviction of perjury; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*John L. Poulter, Mays & Mays, Preston Martin* and *J. E. Carter,* for appellant:—Cited Cox v. State, 13 Texas Crim. App., 479; Gabrielsky v. State, 13 id., 441; Hernandez v. State, 18 id., 151; Waters v. State, 30 id., 290; Kitchen v. State, 29 id., 45; Conant v. State, 51 Texas Crim. Rep., 610.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in. the District Court of Parker County, of the offense of perjury, and his punishment fixed at six years confinement in the penitentiary.

Our Assistant Attorney-General moves to dismiss this appeal, because of a defective recognizance, and an examination of same discloses that the motion is well taken. The recognizance appearing on page 61 of the transcript does not state the offense for which appellant was convicted nor the punishment assessed and is otherwise not in the form prescribed by our statute and decisions. See Article 903, Vernon's Code of Criminal Procedure; Watson v. State, 62 Texas Crim. Rep., 620; White v. State, 68 Texas Crim. Rep., 147, 151 S. W. Rep., 826.

The motion of the State is sustained, and the appeal dismissed.

*Dismissed.*

ON REHEARING.

January 12, 1921.

LATTIMORE, JUDGE.—Upon showing that a proper recognizance has been filed herein the judgment of dismissal is set aside and the case considered on its merits.

An automobile was stolen in Parker County, Texas, from a man named Shown, who later found it in the possession of Austin, and sued him for same. On the trial of said suit appellant and Tom Line swore that Line bought said car from A. E. Murley in Fort Worth, Texas, about the middle of September, 1918. Shown prevailed in the suit and recovered his car. Later Line was indicted for theft of said machine and on his trial placed appellant on the stand as a witness, and he swore that he was present in Fort Worth in September, 1918, and that Line bought said car from a man named Murray, Murley, or something of that kind. Line did not testify on said trial. He was convicted, sentenced to the penitentiary, served out a portion of his time, and was pardoned. After the conviction of Line appellant was indicted for perjury, committed on said trial, the assignment being based on his statement that Line bought said car in Fort Worth, Texas, about the middle of September, 1918, from a man named Murray, Murley, or something of that kind. The traverse in the indictment set

out that Line did not purchase the car; that he did not purchase the same from Murray; that he did not purchase it from Murley, or any man with a name like these, as was well known to the appellant. On the instant trial Line was the principal witness for the State, and swore that he did in fact buy the car in question at the time and place mentioned, but that he bought it from Bill Sherwood; that appellant was present at said purchase from said Sherwood, and that all three of the parties knew that the car was a stolen one, and agreed to have Sherwood execute a bill of sale in the fictitious name of A. E. Murley, and that this would make detection of the theft more difficult. This witness said he paid Sherwood for the car $250 in money and gave him a note apayable to A. E. Murley in the sum of $200, said note being signed by witness, his father, G. C. Line and Lee Godby, this appellant; that a few days later witness mortgaged said car and got $200 on same. with which money he took up the note mentioned; that he sold or traded said car to Austin; that when the trial of the civil suit between Shown and Austin over said car was had, he and appellant testified that he bought said car from A. E. Murley; that when his own trial for theft of said car was had he produced as a witness to the fact that he purchased said car from Murley, this appellant, and also placed on the stand his mother and sister who testified that about the middle of September, 1918, he and a man whom he called Murley came out to the family home with a car and took the family out riding in it. Said Line also testified that at the time appellant and said other witness swore at his trial, that he knew the facts given in evidence by them were false, and that the person who was with him, and from whom he bought the car, was in fact Sherwood.

The mother and sister of Line testified as State's witnesses in this case that in September, 1918, he came out to their house with a man named Murley in a car and took them riding. Both women said Murley had lost the middle finger of his right hand, and it was made to appear that they had seen him around the courthouse during the week of this trial, and the mother said she had testified in a case against him and that he was then going by the name of Sherwood. The Sheriff of the county testified that the man Sherwood had been on trial during said week, and that he had lost the middle finger of his right hand.

The State also introduced in evidence a note for $200, dated September 23, 1918, payable to A. E. Murley, signed by Tom Line, G. C. Line and Lee Godby. It was further shown that while Tom Line was in jail at Weatherford he sent for the appellant. The county attorney and the sheriff were present at the interview. It was testified that when greetings had been exchanged between Line and appellant, the county attorney said: "Well, boys, it is getting late, let's get down to business." Tom Line then said to appellant: "Lee, you know this fellow we have been calling A. E. Murley is nobody in the world but old Bill Sherwood, don't you?" Appellant dropped his head and then said:

"Tom, I can't help you out in that way." It was also in testimony by several witnesses that Tom Line's reputation for truth and veracity was bad, and there was no controversy on this point. We have tried to present here the salient features of the testimony.

Appellant introduced no witnesses and asked an instructed verdict of not guilty, and assigns its refusal as error. There are several contentions made by him in support of this proposition; the most serious being that there was no testimony supporting the State's case which measures up to the requirements of our law.

Article 906 of our C. C. P. makes a special rule with regard to the amount of evidence necessary in perjury cases, and requires that the falsity of the statement assigned as the basis of the charge, be sworn to by two credible witnesses, or by one credible witness corroborated strongly by other evidence as to such falsity. In Conant v. State, 51 Texas Crim. Rep., 610, this court held that an accomplice was not a credible person. See Warren v. State, 60 Texas Crim. Rep., 468; Melton v. State, 81 Texas Crim. Rep., 606; 197 S. W. R., 715; Halbadier v. State, 220 S. W. Rep., 86. In Kitchen v. State, 29 Texas Crim. App., 45, this court held that one whose testimony was directly contradicted by that of defendant and an unimpeached and disinterested witness, and whose reputation for truth and veracity was bad, was not a credible witness. In Smith v. State, 22 Texas Crim. App., 196; Wilson v. State, 27 Texas Crim. App., 47, it is held that a credible witness, in the contemplation of our perjury statute, is one who is not only competent to give evidence, but is worthy of belief. No one testified on this trial that Tom Line did not buy said car from a man named Murley, save Line himself. Is he a credible person within the rules just discussed? There seems no question but that he was a participant both in the illegal acquisition of the car, and in the commission of perjury, if any, by appellant. According to Line's own story, he bought the car knowing it to have been stolen, and knowing that appellant was a party with himself to the original scheme to pretend that the name of the seller of the car was Murley, and that appellant had sworn falsely in the civil suit as to the name of such supposed seller of said car, appellant brought him into court as his witness on the occasion of the alleged perjury, placed him on the stand, and was present necessarily and heard him make substantially the same false statement as had been made by him before. We think this would make Line an accomplice in this case. Even if it might be claimed that in some cases, one technically an accomplice could be considered a credible witness, such is not the case here. Line further admitted that under the solemn sanction of his oath in the trial of the civil suit referred to above, he swore directly contrary to his evidence now given. Not only was this true, but it appears without contradiction that men who had known him for years testified that his reputation for truth and veracity was bad. In addition to the above facts, the conviction of said witness for a felony was conceded. This has always been held admissible as affecting credi-

bility, even tho the witness had been pardoned. We are unable to bring ourselves to believe that there was before the trial court in the instant case the testimony of one such credible witness to the falsity of the alleged perjured statement of appellant, as is required by our law.

The other evidence in this record, tending to show the falsity of appellant's said statement, was purely circumstantial. That the mother and sister of Tom Line saw him with a man calling himself Murley in Fort Worth in September, 1918, and that they had since discovered that said party was really Sherwood, would be but a circumstance, and this is true of every other fact in evidence, aside from the testimony of Tom Line. In the condition presented by this record we think the evidence insufficient, and that the requested instruction under discussion should have been given.

For the reasons assigned the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*