PORTER ADAMS v. THE STATE.

No. 6738. Decided May 24, 1922.

Taxing—Cost—Misdemeanor—Rule Stated—Words and Phrases.

The law provides the taxing of the cost in favor of the clerk of this court and the Attorney General, in all misdemeanors where the judgment is affirmed, and the omission of the words in question from the Revision of 1911, C. C. P., does not prevent the issuance of execution against appellant and his sureties for the recovery of the cost in this court.

Appeal from the County Court of Red River. Tried below before the Honorable R. J. Williams.

Appeal from a conviction of a misdemeanor; penalty, a fine of $150.00; and thirty days imprisonment in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. L. Stone*, Assistant Attorney General, for the State.—Cited cases in opinion.

ON MOTION TO REFORM JUDGMENT.

May 24, 1922.

HAWKINS, JUDGE.—The conviction of appellant was for a misdemeanor. Judgment was affirmed at a former day, and by the terms of the judgment in this court fees were taxed for the attorney general and the clerk of the court as provided for in Article 1164 and 1165,

C. C. P. Execution issued against appellant and his sureties on his appeal bond therefor. Appellant has filed a motion asking that the execution heretofore issued be withdrawn, and that the judgment be reformed taxing the costs against appellant alone. Section 21, Acts First Called Session, 22d Legislature, 1892, provides as follows:

"In every state case of a less grade than felony, in which an appeal it taken to the court of criminal appeals, and the judgment of the court below is affirmed against the defendant, all fees due the clerk of said court in such case shall be adjudged against the defendant and his sureties on his recognizance, for which execution shall issue as in other cases of appeal to the court of criminal appeals. Should such case be reversed by the court of criminal appeals and a new trial be had in the court below, and the defendant convicted, then the costs aforesaid in favor of the clerk of the court of criminal appeals shall be taxed by the court below against the defendant, and a certified copy of said bill of costs by the clerk of the court of criminal appeals filed in the court below, shall be sufficient to require said costs to be taxed and collected as other costs against the defendant in the court below."

In the codification of 1895 the above quoted Section was carried into the Revised Civil Statutes as article 1063, and into the Code of Criminal Procedure of 1895 as article 1122. In the codification of 1911 the same section was carried forward in the Civil Statutes under article 1670, but in the C. C. P. of 1911 former article 1122 of that Code was carried forward as article 1167, being an exact copy of all articles and Sections heretofore referred to with the exception that there was omitted from article 1167 the words "and his sureties on his recognizance." In his motion appellant appears to rely solely upon article 1167, C. C. P. where the omission aforesaid occurs. In Braun v. State, 40 Texas Crim. Rep., 226, 49 S. W. Rep., 620 will be found this statement:

"And the general presumption will be indulged that the codifiers did not intend to change the laws as they formerly stood, their functions being merely to bring forward and arrange them, and that the legislature, in codifying the laws, intended to bring them forward, giving them the same effect which they formerly had."

To the same effect will be found Phipps v. State, 36 Texas Crim. Rep., 216, 36 S. W. Rep., 753 and Ex parte Muckenfuss, 52 Texas Crim. Rep., 467. The presumption is strengthened in the instant case when the same Legislature left the words in one place and omitted them in another. It is apparent that the omission of the words "and his sureties on his recognizance" from article 1167 would in no way affect their efficacy when carried forward in the Revised Civil Statutes in article 1670 embracing those very words. The appeal bond executed by appellant provides that he shall "abide the judgment of the Court of Criminal Appeals," and this obligation is signed both

by the sureties and appellant. The law provides the taxing of the costs in favor of the clerk of this court and the attorney general in all misdemeanors where the judgment is affirmed, and we are of opinion that the omission of the words in question from the 1911 revision of the C. C. P. does not prevent the issuance of execution against appellant and his sureties for the recovery of the costs in this court.

Appellant's motion will be overruled.

*Overruled.*