## Ex parte COCHRAIN. (No. 7169.)

(Court of Criminal Appeals of Texas. June 23, 1922.)

**1. Habeas corpus ⊜⇒113(12)—Sureties on appeal bond approved by sheriff and judge assumed satisfactory on appeal from judgment denying release.**

In the absence of a brief by the state or accused on the latter's appeal from a judgment declining to order his release on an appeal bond approved by the sheriff and judge on the ground of the invalidity and nonenforceability thereof, it must be assumed that the sureties are satisfactory, but that the form of the bond is regarded as insufficient.

**2. Bail ⊜⇒65—Appeal bond in felony case need not set out punishment assessed.**

An appeal bond in the form prescribed by Code Cr. Proc. 1911, art. 903, for appeals from convictions for felonies where bail is allowed, *held* sufficient, though it did not set out the punishment assessed, as required by article 919 in the case of appeals from convictions for misdemeanors, even aside from the fact that the punishment may be ascertained from the verdict and judgment, the form prescribed by article 903 not requiring that the punishment assessed be set out.

**3. Bail ⊜⇒64—Appellant entitled to enlargement on appeal bond in form prescribed by Legislature.**

The Legislature may prescribe the form of an appeal bond, and an appellant complying therewith is entitled to enlargement.

Appeal from District Court, Stonewall County; W. R. Chapman, Judge.

Habeas corpus by B. J. Cochrain. From a judgment declining to order relator's release, he appeals. Reversed, and discharge ordered.

R. G. Storey, Asst. Atty. Gen., for the State.

HAWKINS, J. Relator was convicted of swindling, his punishment assessed at two years in the penitentiary. He was released upon bond pending appeal. One of his sureties, desiring to be relieved from further liability, surrendered him to the sheriff. In Ex parte Cobb, 69 Tex. Cr. R. 473, 154 S. W. 997, this court held such surrender of his principal by the surety could be made even where it was incident to a bond pending appeal. Later appellant presented another bond, which was approved by the judge and sheriff, and upon which he sought to be again released. Upon being denied release he secured a writ of habeas corpus from the trial judge, and upon a hearing the judge declined to order his release, the judgment reciting only that it was the opinion of the learned trial judge that he was legally restrained.

[1] In his answer to the writ the sheriff gives as his reason for detaining relator that he believes the "bond was and is invalid and could not be enforced in the event that the defendant failed to comply with same." We have not been favored with a brief either by the state or relator. The bond last tendered having been approved both by the sheriff and judge, we must assume the sureties are satisfactory, but that the form of the bond is regarded as insufficient.

[2] Article 903, Code Criminal Procedure, reads as follows:

"In all appeals from judgments and convictions for felonies where bail is hereby allowed, the following form of recognizance shall be considered sufficient:

"The State of Texas v. A. B. No. ———.

"This day came into open court A. B., defendant in the above entitled cause, who, together with C. D. and E. F., sureties, acknowledged themselves jointly and severally indebted to the state of Texas in the sum of $———, conditioned that the said A. B., who stands charged with the offense of ——— in this court, and who has been convicted of the offense of ——— in this court, shall appear before this court from day to day, and from term to term, of the same, and not depart therefrom, without leave of this court, in order to abide a judgment of the court of criminal appeals of the state of Texas in this case."

The bond tendered upon which relator now seeks release is as follows:

"The State of Texas v. Byrd Jackson Cochrain. No. 589.

"Know all men by these presents: That we, Byrd Jackson Cochrain, as principal, and Jas. P. Stinson and others whose names are signed hereto as sureties acknowledge themselves jointly and severally indebted to the state of Texas in the sum of ($4,000.00) four thousand and no/100 dollars, conditioned that the said Byrd Jackson Cochrain, who stands charged with the offense of swindling, a felony in this court, and who has been convicted of the offense of swindling in this court, shall appear before this court from day to day and from term to term, of the same and not depart therefrom without leave of this court in order to abide a judgment of the court of criminal appeals of the state of Texas in this case."

We have been unable to discover any variance in form of the bond tendered and that prescribed by the Legislature. It will be observed that the bond does not set out the punishment assessed, but neither does the prescribed form require it. This is not true in the form prescribed for appeals in misdemeanors, for there the Legislature required the bond to show the punishment assessed. Article 919, C. C. P. We feel sure a failure to observe this distinction between articles

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

903 and 919, Code Cr. Proc., has led to confusion in our opinions, and a subsequent confusion to the trial judges. We are assuming that a failure to state the punishment assessed was the reason prompting the learned trial judge to remand relator. In Robert v. State, 88 Tex. Cr. R. 488, 228 S. W. 230, which was a felony conviction, will be found this expression by Judge Davidson:

"It is necessary under the form prescribed by the Legislature that the amount of the punishment be stated in the recognizance."

And yet reference to Acts 30th Leg. (1907), p. 31, will reveal that one usually so accurate as he was mistaken in this statement. In Godby v. State, 88 Tex. Cr. R. 360, 227 S. W. 192, Judge Lattimore says:

"The recognizance * * * does not state the offense for which appellant was convicted, nor the punishment assessed," etc.

Watson v. State, 62 Tex. Cr. R. 620, 138 S. W. 611, cited in the Godby Case, is a misdemeanor, and in the other case cited of White v. State, 68 Tex. Cr. R. 147, 151 S. W. 826, the charge was a felony, but the conviction was for a misdemeanor. In Willoughby v. State, 87 Tex. Cr. R. 40, 219 S. W. 468, a felony, the recognizance failed to state the punishment, and the appeal was dismissed for that reason. The statute itself was not reviewed or referred to, but citation was to Hayes v. State, 83 Tex. Cr. R. 596, 204 S. W. 330; Goss v. State, 83 Tex. Cr. R. 349, 202 S. W. 956; and Watson v. State, supra. Hayes' Case indicates a defect in the recognizance for failure to show the punishment, but the statute is not reviewed. Goss' Case is not upon the point now before us.

[3] Bail pending appeal not being permitted in felony convictions, where a punishment of more than 15 years is assessed, there might appear some reason for stating the punishment in the bond or recognizance if it were necessary to look to that alone to ascertain the punishment. But this is not the case, for other portions of the record are available for ascertainment of that fact: But it appears to be sufficient to call attention to the first part of article 903, C. C. P., heretofore quoted, to the effect that the Legislature has said that in all appeals from felony convictions the form of recognizance therein set out should be sufficient. The form does not require the punishment to be shown. That may be ascertained from the verdict and judgment. We believe the Legislature had the right to prescribe the form, and are further of the opinion that, when an accused, desiring to appeal, complies therewith, he is entitled to enlargement. In so far as the cases mentioned or any others indicate that it is necessary in felony convictions for the recognizance or bond for appeal to recite the punishment assessed, we believe they are in conflict with the statute, and they are expressly overruled on that point.

Upon the assumption that the judgment denying relator enlargement on the bond last tendered was based on the failure to state the punishment in the bond, the same is reversed, and his discharge ordered thereon, it appearing that his main case is still pending on appeal in this court.