### SYLVESTER JOHNSON v. THE STATE.

No. 6645.   Decided November 1, 1922.

Rehearing granted December 13, 1922.

**1.—Adultery—Leading Questions—Bill of Exceptions.**

In the absence of a showing what answer if any was made by the wit-ness, the bill of exceptions is insufficient and cannot be reviewed on appeal.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of adultery, the evidence was sufficient to sustain the conviction, there was no reversible error.   Following Counts v. State, 49 Texas Crim. Rep., 329, and other cases.

**3.—Same—Rehearing—Recall of Execution—Practice on Appeal.**

The clerk of this court is entitled to issue execution in case of an af-firmance of a misdemeanor case on appeal to this court, against appellant and his sureties, but, where it appeared by the uncontradicted affidavits of the sureties in appellant's motion for rehearing, etc., that after recognizance for appeal was entered into, the sureties on such recognizance brought ap-pellant personally to the sheriff and surrendered him, and the appellant was, in legal contemplation, in the custody of the proper officers, at the time of the determination of his appeal, the execution issued by the clerk of this court must be recalled; and this although the sheriff had discharged the appellant from custody under a misunderstanding of the law.

**4.—Same—Legislation Suggested—Appeal—Notice.**

The attention of the Legislature is called to the fact, that where an appellant who has made a recognizance is surrendered by his sureties, there is no statutory provision by which the clerk of the Court of Criminal Ap-peals may be apprised of such fact, and a proper amendment is suggested.

93 T. C.—6

Appeal from the County Court of Guadalupe. Tried below before the Honorable J. B. Williams.

Appeal from a conviction of adultery; penalty, a fine of $150.

The opinion states the case.

P. E. *Campbell,* for appellant.

R. G. *Storey,* Assistant Attorney General, and R. A. *Weinert,* for the State.

HAWKINS, JUDGE.—Appellant was convicted of adultery, and a fine of $150 assessed against him.

The only bill of exception in the record complains that the State was permitted to ask a certain witness leading questions which are set out in the bill, but there is a total failure to show what answers, if any, were made by the witness. No error is presented. (See cases collated under Sec. 10, page 134, Branch's Ann. Penal Code.)

The sufficiency of the evidence to suport the conviction is questioned. Houston Wilson testified substantially that some time in April, 1921 he rented to appellant some land; that he was living in a house at Seguin at this time with two women, one of whom appellant introduced as his daughter, and the other, Nancy Lopez, he represented to be and introduced as his wife. The three of them then moved to Wilson's place, and lived there about one week, occupying the same house, Wilson called the woman, Nancy, Mrs. Johnson, believing her to be appellant's wife, until he admitted to Wilson that she was not his wife, but that his wife was in Colorado County. During the time appellant was on his place Wilson had occasion to go early one morning to the house occupied by appellant, and saw him and Nancy occupying the same bed. At another time he camped near the house spending the night, and saw the daughter in one of the rooms by herself, but did not at that time see the other woman in the room with her. Appellant (Nancy), and the daughter, as well as one other witness, denied all the criminative facts testified to by Wilson. They asserted that Nancy was appellant's housekeeper only, and that she and the daughter occupied one room, while appellant slept in the other. This raised an issue of fact which the jury alone was authorized to settle. If they believed Wilson's testimony (which evidently they did) it was sufficient to authorize the conviction. Stewart v. State, 43 S. W. Rep., 979; Counts v. State, 49 Texas Crim. Rep., 329, 94 S. W. Rep., 220.

The judgment will be affirmed.

*Affirmed.*

ON MOTION TO RECALL EXECUTION

December 13, 1922.

LATTIMORE, JUDGE.—At a former day of this term this case was affirmed, and a recognizance duly executed by appellant with sufficient sureties appearing in the record, an execution was issued by the clerk of this court for the purpose of collecting from appellant and his sureties the costs of this court, which are embraced in Articles 1164 to 1167, Vernon's C. C. P. The clerk of this court is entitled to issue execution in case of an affirmance of a misdemeanor case on appeal to this court, against appellant and his sureties for such amount. Adams v. State, 92 Texas Crim. Rep., 26, 241 S. W. Rep., 164. Such execution was duly issued in the instant case. It is now made to appear by the uncontradicted affidavits of the sureties on said recognizance as well as those of the county judge and sheriff of Guadalupe County, the county in which the trial was had and where this case originated, that after recognizance for appeal was entered into by appellant, the sureties on such recognizance brought him personally to the sheriff of said county and surrendered him, wishing to be relieved from further liability thereon. It is also made to appear that the sheriff received the appellant into his custody when he was so surrendered by the sureties, but that some months thereafter, becoming doubtful as to the legality of such surrender and their right to retain custody of appellant thereunder, the officers of Guadalupe County permitted him to go at large. In Ex parte Cobb, 69 Texas Crim. Rep., 473, 154 S. W. Rep., 997, we held that the sureties on a bail bond or recognizance on appeal have the legal right to surrender their principal by placing him personally in the custody of the officers, accompanied by sufficient evidence of their desire to be released from further liability. We might further observe that by the terms of Article 918, Vernon's Complete Texas Statutes 1920, said article being enacted in 1919, our Legislature provided that one who had been convicted of a misdemeanor and who had perfected his appeal without making a recognizance, might, after the expiration of the term of such trial, enter into a bail bond for appeal under the terms provided by said statute and might thereafter be set at large pending such appeal. We desire to call attention of the Legislature to the fact that where an appellant who has made a recognizance, which appears in the record on appeal, is surrendered by his sureties, there is no statutory provision by which the clerk of the Court of Criminal Appeals may be apprised of such fact. Not being aware of such fact, it would be apparently the duty of the clerk on the face of the record in such case to issue an execution for the costs of this court. In case of an appeal where the accused is in custody pending appeal and at the time the appeal is determined, no such execution is issued by said clerk. Nothing appears in Article 918, supra, which provides for any means of informing the clerk of this court

of the fact that an appeal bond has been executed by appellant after the adjournment of the trial term at which he was convicted and during which his appeal was perfected. If the appellant is under recognizance or appeal bond, the State is entitled to recover from his sureties the amount of said costs, and Article 918, supra, should be so amended as to provide some legal way in which the clerk of this court may be apprised by the clerk of the court below or other officer acquainted therewith, of the fact that one who has appealed his case without recognizance or bond has made such appeal bond since the adjournment of the trial, term. The clerk of this court upon being legally apprized of that fact, upon the determination of the appeal could then issue his proper execution for the costs above mentioned.

If the question was properly before us we would hold that the officers of Guadalupe County should have retained custody of appellant after he was surrendered by the sureties on his recognizance, and that having permitted him to go at large without warrant of law thereafter, the sureties on said recognizance would *no longer be held responsible on their obligation.* The clerk of this court having issued his execution with apparent justification on the face of the record, but it being now made known to us that appellant was in legal contemplation, in the custody of the officers of Guadalupe County at the time of the determination of his appeal, we must hold the issuance of the execution illegal, and its recall will be ordered, and it is accordingly done.

*Execution recalled.*