JOHNSON v. STATE. (No. 6645.)

(Court of Criminal Appeals of Texas. Dec. 13, 1922.)

1. Costs ⬤⇒317 — On affirmance of conviction for misdemeanor, clerk may issue execution against defendant and sureties for costs, where accused is out on bail.

In a misdemeanor case, where the accused is out on bail pending appeal, the clerk of the Court of Criminal Appeals, on affirmance of the judgment, is entitled to issue execution against the accused and his sureties for the amount of the costs of such court, under Vernon's Ann. Code Cr. Proc. arts. 1164–1167.

2. Costs ⬤⇒317—Sureties, who surrendered defendant to sheriff pending appeal, not liable for costs.

Where defendant, out on bail pending appeal, under Vernon's Code Cr. Proc., art. 918, was surrendered to the sheriff by his sureties before affirmance of judgment, the sureties, on affirmance of judgment, were not liable for the costs of the Court of Criminal Appeals, and execution issued therefor will be recalled.

Appeal from Guadalupe County Court; J. B. Williams, Judge.

Sylvester Johnson was convicted of adultery. Judgment of conviction was affirmed by the Court of Criminal Appeals (244 S. W. 607), and the clerk of such court caused execution to issue against the defendant and the sureties on his bail bond for the costs of such court. On motion to recall execution. Motion granted.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. [1, 2] At a former day of this term this case was affirmed, and, a recognizance duly executed by appellant with sufficient sureties appearing in the record, an execution was issued by the clerk of this court for the purpose of collecting from appellant and his sureties the costs of this court, which are embraced in articles 1164 to 1167, Vernon's C. C. P. The clerk of this court is entitled to issue execution, in case of an affirmance of a misdemeanor case on appeal to this court, against appellant and his sureties for such amount. Adams v. State (Tex. Cr. App.) 241 S. W. 164. Such execution was duly issued in the instant case. It is now made to appear by the uncontra-

dicted affidavits of the sureties on said recognizance, as well as those of the county judge and sheriff of Guadalupe county, the county in which the trial was had and where this case originated, that after recognizance for appeal was entered into by appellant, the sureties on such recognizance brought him personally to the sheriff of said county and surrendered him, wishing to be relieved from further liability thereon. It is also made to appear that the sheriff received the appellant into his custody when he was so surrendered by the sureties, but that some months thereafter, becoming doubtful as to the legality of such surrender and their right to retain custody of appellant thereunder, the officers of Guadalupe county permitted him to go at large. In Ex parte Cobb, 69 Tex. Cr. R. 473, 154 S. W. 997, we held that the sureties on a bail bond or recognizance on appeal have the legal right to surrender their principal by placing him personally in the custody of the officers, accompanied by sufficient evidence of their desire to be released from further liability. We might further observe that by the terms of article 918, Vernon's Complete Texas Statutes 1920, said article being enacted in 1919, our Legislature provided that one who had been convicted of a misdemeanor, and who had perfected his appeal without making a recognizance, might, after the expiration of the term of such trial, enter into a bail bond for appeal under the terms provided by said statute, and might thereafter be set at large pending such appeal.

We desire to call attention of the Legislature to the fact that, where an appellant who has made a recognizance, which appears in the record on appeal, is surrendered by his sureties, there is no statutory provision by which the clerk of the Court of Criminal Appeals may be apprised of such fact. Not being aware of such fact, it would be apparently the duty of the clerk on the face of the record in such case to issue an execution for the costs of this court. In case of an appeal, where the accused is in custody pending appeal, and at the time the appeal is determined, no such execution is issued by said clerk. Nothing appears in article 918, supra, which provides for any means of informing the clerk of this court of the fact that an appeal bond has been executed by appellant after the adjournment of the trial term at which he was convicted and during which his appeal was perfected. If the appellant is under recognizance or appeal bond, the state is entitled to recover from his sureties the amount of said costs, and article 918, supra, should be so amended as to provide some legal way in which the clerk of this court may be apprised by the clerk of the court below or other officer acquainted therewith, of the fact that one who has appealed his case without recognizance or bond has made such appeal bond since the adjournment of the trial term. The clerk of this court, upon being legally apprised of that fact, upon the determination of the appeal could then issue his proper execution for the costs above mentioned.

If the question was properly before us, we would hold that the officers of Guadalupe county should have retained custody of appellant after he was surrendered by the sureties on his recognizance, and that, having permitted him to go at large without warrant of law thereafter, the sureties on said recognizance would no longer be held responsible on their obligation. The clerk of this court having issued his execution with apparent justification on the face of the record, but it being now made known to us that appellant was in legal contemplation in the custody of the officers of Guadalupe county at the time of the determination of his appeal, we must hold the issuance of the execution illegal, and its recall will be ordered; and it is accordingly done.