GUY SEEBOLD v. THE STATE.

No. 7279. Decided November 28, 1923.

**1.—Forfeited Bail Bond—Recognizance—Punishment.**

Where, upon appeal from a final judgment, forfeiting a recognizance, which in all respects conformed to the statute, and to which appellant raised certain objections which are not tenable, the judgment below must be affirmed, and it is not necessary for a recognizance on appeal in a felony case to state the punishment assessed. Following Ex parte Cochrain, 92 Texas Crim. Rep., 297.

**2.—Same—Other Recognizance—Presence of Defendant.**

Where it was insisted that judgment final should not have been entered upon the recognizance in question because another recognizance with different conditions appeared in the minutes of the court, but the record showed that this recognizance was not approved, there was no error in the proceeding. It was not necessary that appellant was present when the minutes were corrected.

Appeal from the District Court of Parker. Tried below before the Honorable F. O. McKinsey.

Appeal from a final judgment of forfeiture of recognizance in the sum of $1250.00.

The opinion states the case.

*Mays & Mays,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

HAWKINS, JUDGE.—From a final judgment forfeiting a recognizance this appeal is taken.

The record shows that an indictment was filed in the District Court of Parker County charging Guy Seebold with theft of personal property over the value of fifty dollars; that he was convicted and his punishment assessed at three years confinement in the penitentiary; that motion for new trial was overruled, sentence pronounced, an

appeal taken to this court and the judgment affirmed. Seebold had disappeared and a forfeiture was taken on the following recognizance.

"The State of Texas ⎫
    v.    No. 4026. ⎬     Defendant's Recognizance:
"Guy Seebold ⎭      October 30, A. D. 1920.

"This day came into open court Guy Seebold, defendant in the above entitled cause, who, with B. W. Henderson and J. J. Niece, sureties, acknowledged themselves jointly and severally indebted to the State of Texas in the sum of $1250.00 conditioned that the said Guy Seebold, who stands charged with the offense of theft of personal property over the value of Fifty Dollars, a felony, in this Court, and who has been convicted of said offense in this Court, shall appear before this Court from day to day and from term to term, and not depart therefrom without leave of this Court in order to abide a judgment of the Court of Criminal Appeals of the State of Texas in this Case."

It is urged that the recognizance was insufficient: (1) In failing to show what punishment was assessed; (2) that it failed to state the court in which the conviction occurred; (3) that it failed to show what Court the defendant was required to appear before to answer the conditions of the bond. In the minutes of the Court appears the following entry. "Be it remembered that on this the 4th day of Oct. A. D. 1920 there was begun and holden a regular term of the District Court in and for Parker County, Texas, at the court house thereof in the City of Weatherford, Texas. Present and presiding Hon. F. O. McKinsey, Judge of said Court, E. H. Grindstaff, County Attorney, John R. Brown, Sheriff, G. W. Buchanan, Dist. Clerk and M. Scougale, Court Reporter, when the following proceedings were had, to-wit:" and then immediately follows the recognizance copied above. There is no merit in any of the objections urged. A recognizance is an obligation entered into in open court and carried into the minutes of the court as any other proceeding therein. The recitals in the recognizance that the conviction occurred in *this* court, and binding accused to appear before *this* court leaves no ambiguity about the matter. Bennett v. State, 91 Texas Crim. Rep., 422, 239 S. W. Rep., 951; Scoggins v. State, 92 Texas Crim. Rep., 424, 244 S. W. Rep., 535. What we have said regarding recognizances would not be applicable to bonds executed to effect liberation of accused pending appeal, because such bonds are no part of the court minutes. It is not necessary for a recognizance on appeal in a felony case to state the punishment assessed. Article 903, C. C. P., does not require it. Ex parte Cochrain, 92 Texas Crim. Rep., 297, 243 S. W. Rep., 465.

It is insisted that judgment final should not have been entered upon the recognizance in question because another recognizance with different conditions appears in the court minutes. When the recognizance

was entered into it was taken in the form prescribed by Article 903 C. C. P., but the clerk in entering it on the minutes followed a form for an appearance recognizance instead of the one prescribed on appeal. Before approving the minutes the judge discovered the clerk's error and prepared the proper form of recognizance which the clerk then entered in the minutes. The first one was not approved. There was no error in this proceeding. It was not necessary for the principal or sureties to be present when the minutes were corrected to speak the truth.

The judgment is affirmed.

*Affirmed.*