A. D. RHEA v. THE STATE.

No. 8861. Delivered April 15, 1925.

Reinstated, Delivered June 10, 1925.

Rehearing Denied October 14, 1925.

1.—Seduction—Recognizance—When Defective—Appeal Dismissed.

Where the appellant is released on bail, this court is without jurisdiction to pass upon his case, unless the record contains a recognizance prepared in conformitory with the law. This record being without such a recognizance, this cause is ordered dismissed. See Art. 903, C. C. P. Following, Watson v. State, 62 Tex. Crim. Rep., 40 and other cases cited.

2.—Same—Appeal Reinstated.

Appellant having caused a sufficient appeal bond to be executed, and filed herein, the cause is reinstated, and will be considered on its merits.

3.—Same—Evidence—Sufficient—Second Appeal.

This is the second appeal of this case. See 96 Tex. Crim. Rep. 11. The facts are substantially the same, except that one witness who testified on the former trial did not appear. In our opinion the facts are sufficient to support the verdict.

4.—Same—Jury—Separation before Completed—Not Error.

Where a jury is being selected, and is incomplete and court takes a recess and those selected have not been sworn, it is not error to permit them under proper instructions to separate, and go to their homes. Our law forbidding separation of the jury in cases less than capital, has no application until the jury has been completed and sworn. Following Coffey v. State, 82 Tex. Crim. Rep., 57.

5.—Same—Continuance—For Absent Witness—Out of State—Properly Refused.

Where on a trial for seduction, appellant moved for a continuance to secure the attendance of a witness out of the State, and no showing was made as to whether the witness had permanently moved from the State or whether he expected to return and no predicate laid to use his testimony given on a former trial, the application was properly denied.

6.—Same—Continuance—Properly Refused.

Where appellant asked for a continuance to secure the attendance of the former court stenographer, who had taken down the testimony of the witness Palmer at a former trial, in order to reproduce the testimony of such witness, and no sufficient predicate was laid on the trial that would have authorized the reproduction of said witness's testimony, the continuance was properly refused.

7.—Same—Evidence—When Harmless—Not Reversible Error.

Where testimony is admitted over appellant's objection, which could not possibly have injured him though hearsay or for other reasons inadmissible,

no reversible error is presented on appeal, and for the same reason no error is presented in appellant's bill of exceptions Nos. 10 and 11.

### 8.—Same—Evidence—Presence of Child—In Seduction Case—Not Error.

There was no error presented by prosecutrix bringing into the court room the child claimed by her to be that of appellant, and especially so when no comparisons were attempted between it and appellant, and on objection of appellant, the child having been removed from the court room.

### 9.—Same—Evidence—Hearsay Declarations—Of Accused—Properly Excluded.

There was no error in refusing to permit appellant to testify that other parties had told him that they had had intercourse with prosecutrix prior to the time that he had same. The testimony was hearsay and properly rejected.

### 10.—Same—Evidence—Chastity of Prosecutrix—Properly Admitted.

On a trial for seduction it was proper to permit the prosecutrix to testify that prior to the time that appellant had intercourse with her, no other man had ever sustained that relation, and it has ever been so held by this court.

### 11.—Same—Argument of Counsel—Rule Stated.

Under the statute and decisions of this court, it has always been the rule in this state that prosecuting attorney in his argument shall discuss fully the facts given in evidence, and the law of the case, draw such legitimate and fair deductions in his own language from the evidence adduced as he deems proper abstaining from any abuse of appellant or use of vituperation, and nothing is here presented by appellant showing any violation of this rule by state's attorney in the instant case.

### 12.—Same—Argument of Counsel—Held Improper—Not Reversible.

Where the private prosecutor in this case in his argument, referring to a witness for the defendant said "that they did not have to impeach a whoremonger and a pimp" such statement was improper and reprehensible, but in view of the fact that the court promptly instructed the jury not to consider the statement, or the language used, no reversible error is presented.

### ON REHEARING.

### 13.—Same—Charge of Court—On Accomplice Testimony—Held Sufficient.

Where on a trial for seduction, a requested charge intended to submit the law of corroboration of testimony of the prosecutrix, but is framed in the alternative, and does not correctly present the law, same was properly refused.

### 14.—Same—Accomplice—Corroboration—Held Sufficient.

An examination of the entire record in this cause, shows clearly that the testimony of the prosecutrix as to the promise to marry, and act of intercourse induced by such promise, was fully corroborated by direct testimony and was only denied by the appellant, and we see no reason to disturb our original opinion affirming the case.

Appeal from the District Court of Kaufman county. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for seduction; penalty, two years in the State penitentiary.

The opinion states the case.

*Thomas R. Bond, Jas. A. Cooley, G. O. Crisp* and *Ross Huffmaster,* for appellant.

*H. R. Young,* County Attorney,*Wyne & Wyne, Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is seduction; punishment fixed at confinement in the penitentiary for a period of two years.

Attention is directed to the failure of the recognizance to conform with the essentials named in the statute, in that it does not state the offense of which the appellant was convicted. When one is released on bail, this court is without jurisdiction to pass upon his case in the absence of a recognizance prepared in conformity with the law. See Art. 903, C. C. P; Vernon's Tex. Crim. Stat., p. 873; Watson v. State, 62 Texas Crim. Rep. 620; Willoughby v. State, 87 Texas Crim. Rep. 40; Godby v. State, 227 S. W. Rep. 192; Nugent v. State, 229 S. W. Rep. 855.

The appellant is privileged, within fifteen days, to amend his transcript by filing in this court a certified copy of a recognizance complying with the terms of the law.

The appeal is dismissed.

*Dismissed.*

#### ON MOTION FOR REINSTATE APPEAL

LATTIMORE, Judge.—Conviction in the district court of Kaufman county of seduction; punishment fixed at two years in the penitentiary.

This appeal was dismissed at the former day of this term because of a defective recognizance. A sufficient bond having been executed, the appeal will be re-instated and the case considered on its merits.

This is the second appeal. See 96 Texas Crim. Rep. 11. The facts are substantially the same except that the witness Palmer who testified on the former trial, did not appear. In our opinion the facts are sufficient to support the verdict.

We know of no decision in this State holding it erroneous for the court to permit jurors who have been selected, but the panel be not complete before the adjournment of court for the day, and such jurors have not been sworn, to permit them, under proper instructions from the court, to separate and go to their homes. Our law forbidding separation of the jury in an ordinary felony case less than capital, has no application until the jury have been selected and sworn. Coffey v. State, 82 Texas Crim. Crim. Rep. 57.

Appellant's bill of exceptions No. 2 is to the refusal of a special charge concerning an argument alleged to have been made by the State's Attorney. The court qualifies the bill by stating that the argument referred to was in answer to argument made by appellant's attorney.

Appellant made an application for continuance. One of the witnesses named therein appeared and testified at the trial. Witness Palmer was said to be out of the State. There is no showing in the application as to whether the witness had permanently moved from the State or whether he expected to return, and no predicate laid that would justify the reproduction of said witness' testimony as given on a former trial. Our statutes provide that the defendant may take the deposition of a non-resident witness, and we find nothing in the record showing any attempt to comply with said statute.

Bill of exceptions No. 3 complains of the refusal of the court to permit appellant to renew an application for continuance because of the absence of the former court stenographer who had taken down the testimony at the former trial,—appellant stating that he desired the presence of said court stenographer for the purpose of reproducing the testimony of the witness Palmer. No sufficient predicate having been laid for the reproduction of the testimony of Palmer as formerly given, it would not be error to refuse to grant the continuance of the absence of the stenographer who took his testimony at said former trial. What we have just said applies to bills of exception Nos. 4 and 5 also.

Bills of exceptions No. 6 is unintelligible and presents nothing that the court can consider. Bills Nos. 7 and 8 present objections to cross-examination by State's counsel of two witnesses for the defense. In one instance the witness answered the question in the negative and in the other no answer appears. As answered and also as qualified by the trial court, neither presents any error.

We fail to observe how it could reflect upon the prosecutrix, to ask her whether there were any houses close to where the car was stopped, on an occasion when she in company with another young man together with one Jim Palmer and a young woman, were out in a car, the proof further showing that Palmer and his companion got out of the car and the prosecutrix and her companion remained in the car, and there being no suggestion of improper conduct on the part of the prosecutrix and the young man with her.

Appellant having drawn out of prosecutrix on her original cross-examination that she had suffered from pellagra, we see no objection to permitting the State to question her as to who treated her for it and when she was treated. The matter is complained of in bill of exceptions No. 10.

Bill of exceptions No. 11, as qualified by the court presents no error. It presents appellant's objection to the State's question to prosecu-

trix as to what condition she was in at the time appellant married his present wife. From the explanation made by the court it appears that this was given in redirect and that upon cross-examination prosecutrix had testified in response to a question by the defense that she did not know the woman who appellant married but did know that he married in September and up to that time she had not filed any complaint against him but was trying to.

For a bill of exceptions to complain that the county attorney asked prosecutrix, "What did he say about whether or not you were going to be his wife?" and that appellant objected to said question because it was leading, is wholly insufficient in the absence of a setting out of the surroundings and antecedents of such question.

Bill No. 13 complains of the fact that when prosecutrix came into the court room she brought with her the child claimed by her to be the result of the seduction by appellant. The bill shows no error. Upon objection by defense counsel the child was removed from the court room, and there is no showing that any illegal comparison was instituted between it and appellant, or any wrongful use made of the fact that the child came into the court room with its mother.

The matter set out in bill of exceptions No. 14 showing that appellant was not allowed to say that he had been informed before he married his present wife that prosecutrix was not pregnant. The matter is purely. Bill No. 15, shows an objection was made after the question was answered. As we view it, the question and answer both were proper. Bill No. 16, shows that appellant attempted to state that other parties had told him that they had had intercourse with prosecutrix prior to the time he had same. The testimony was heresay and properly rejected. A bill complaining of the fact that prosecutrix was permitted to state that prior to the time appellant had intercourse with her, no other man had ever sustained that relation, presents no error.

There are several bills complaining of argument such as that, "The defendant not leading his baby by the hand through life is not fit to enjoy the freedom of citizenship," and also of the statement by the county attorney that "when prosecutrix walks out of this court room she goes out with a nameless baby by her side," and of the statement by said prosecutor that, "She must go through life sneered at and jeered at with no man to ever love and care for her; no man to lead her down the church aisle in marriage, but she must bear her burden and her nameless child by her side," which seem but reasonable and fair deductions from the facts in the case and present no meritorious objection.

The complaint at the argument of the private prosecuting attorney for his statement about witness Arthur Alexander may have some basis, but we would not reverse a case when the lowest penalty was given for such argument unless the evidence was insufficient,

or the attack upon the witness of a more vicious character. Alexander had shown by his testimony that he was an occupant of a rooming house in Dallas at which he claimed to have seen appellant with prosecutrix. From the bill of exceptions it is evident that the defense vigorously assailed the prosecution for its failure to impeach or reflect upon said witness, Alexander. What language was used by the appellant's attorney does not appear but replying to this argument the State's counsel said that they did not have to impeach a whore-monger and a pimp. The attention of the court being called to the matter he promptly instructed the jury not to consider the statement or the language used. We see no reason to believe that the jury did not follow the instruction of the court or that the matter was of such serious error as to call for a reversal.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING

LATTIMORE, JUDGE.—Appellant insists, on the authority of Slaughter v. State, 218 S. W. Rep. 767, and Brewer v. State, 246 S. W. Rep. 663, that our opinion affirming this case was wrong. Said authorities hold that when only an ordinary charge on the corroboration of an accomplice is given in a seduction case, and a proper exception is taken thereto, or a proper special charge is asked, in which the court is adequately called upon to tell the jury that if the prosecutrix lacks corroboration upon either the promise of marriage or the fact of intercourse, the accused should be acquitted,—and the charge be not changed to meet the exception or the special charge be not given, the matter would constitute reversible error.

Appellant contends in his motion that the court's charge presented only the general law of the corroboration of an accomplice, and that while there was no exception to the charge for its failure to require specific corroboration on the promise of marriage, yet there was a special charge asked and refused in which the jury were told that the accused should be acquitted if the prosecutrix was not sufficiently corroborated on the promise of marriage. We have examined the record very carefully. Appellant admitted the fact of intercourse with prosecutrix. Special charge No. 7, which is one whose refusal is complained of by appellant on this point, is as follows:

"Although you may find from the evidence in this case that defendant did have intercourse with Edna Cobb, but if you have a reasonable doubt from all the facts and circumstances as to whether or not Edna Cobb has been corroborated on the issue of promise of marriage, then you will acquit defendant."

It will be noted that this charge seeks to have the jury told that if they have a reasonable doubt from all the facts and circumstances as to *whether or not* Edna Cobb has been corroborated, etc. Clearly

this is erroneous, and the learned trial judge did not err in refusing it. Appellant should not be acquitted if the jury had a reasonable doubt as to whether prosecutrix had been corroborated, and at the same time as to whether she had not been corroborated. A charge in the alternative such as this is was properly refused. We do not understand appellant to lay any stress upon the refusal of his special charge No. 8 which goes further than to say that "The burden of proof is upon the State to show beyond a reasonable doubt the corroboration of the testimony of Edna Cobb given upon the trial of this case, as that term is defined in the main charge, and if the State had not shown such corroboration, then you will acquit the defendant." This presents no additional proposition of law to that given in the main charge.

In addition to what we have above stated we might further observe that the record shows on the question of corroboration of prosecutrix on the promise of marriage, that her sister testified that after the pregnancy of prosecutrix was discovered she accompanied prosecutrix to the barbershop where appellant worked and had a conversation with him regarding the matter in which appellant, in so many words, admitted to witness that he was engaged to prosecutrix before he ever touched her. This testimony was disputed by no one save appellant, and would seem to furnish complete and adequate corroboration of the testimony of prosecutrix on the promise of marriage.

The motion for rehearing will be overruled.

*Overruled.*