

# The Attorney General of Texas

March 14, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P O Box 12548
Austin, TX 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX 79905
915/533-3484

723 Main, Suite 610
Houston, TX 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX 79401
806/747-5238

4313 N Tenth, Suite F
McAllen, TX 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Bill Stubblefield
County Attorney
Williamson County
Georgetown, Texas 78626

Opinion No. H-1135

Re: Payment of fees in cases of deferred proceedings under art. 4476-15, sec. 4.12, the Controlled Substances Act.

Dear Mr. Stubblefield:

You have requested our opinion concerning the collection of certain fees in cases where a court has deferred proceedings and placed a defendant upon probation pursuant to the Controlled Substances Act, article 4476-15, section 4.12, V.T.C.S., which provides that probation may be granted "without entering a judgment of guilt," and that discharge and dismissal "shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law for conviction of a crime." See Ritchie v. State, 542 S.W.2d 422 (Tex. Crim. App. 1976).

You ask whether a defendant who has been discharged and against whom proceedings are eventually dismissed pursuant to section 4.12 may be assessed the following court costs: county attorney's fee (Code Crim. Proc. art. 1061), trial fee (Code Crim. Proc. art. 53.06), sheriff's fees (Code Crim. Proc. art. 53.01), and county clerk's fees (Code Crim. Proc. art. 1064).

The county attorney's fee, the trial fee and the sheriff's fees are expressly authorized in cases where there is a "conviction." Liability for the clerk's fee is not expressly made referable to conviction by the language of article 1064, Code Crim. Proc., but the statute is a 1925 codification of an 1876 act which also embraced the county attorney's fee, and the trial fee, as well as the sheriff's fees, and which provided:

> In all cases where any person shall be presented or indicted by the grand jury, and shall be discharged from such presentment or indictment, neither the Clerks nor the Sheriffs shall charge fees for the same, but if the party or parties so presented or indicted shall be convicted, the Clerk or Sheriff shall charge him, her or them, with all the fees accruing thereon.

Acts 1876, 15th Leg., ch. 164, § 24, at 284, 294. The 1925 codification merely reenacted the previous laws on the subject which appeared in the 1911, 1895 and 1879 codifications of the 1876 legislation. We think this provision remains applicable and that fees are not collectible under article 1064, Code Crim. Proc., if the defendant is acquitted. Attorney General Opinion O-6093 (1944) so held. See Adams v. State, 92 Tex. Crim. 26, 241 S.W. 164 (Tex. Crim. App. 1922); 53 Tex. Jur.2d, Statutes § 189 at 288.

It has been held by both the Supreme Court of Texas and the Texas Court of Criminal Appeals that courts may grant probation only "after conviction," in accordance with article 4, section 11A of the Texas Constitution. State v. Thurmond, 516 S.W.2d 119 (Tex. 1974); Burson v. State, 511 S.W.2d 948 (Tex. Crim. App. 1974); Ex parte Giles, 502 S.W.2d 774 (Tex. Crim. App. 1973). See also Lee v. State, 516 S.W.2d 151 (Tex. Crim. App. 1974); Hill v. State, 92 Tex. Crim. 312, 243 S.W. 982 (Tex. Crim. App. 1922). However, the Court of Criminal Appeals very recently held in George v. State, cause # 56,169 (Tex. Crim. App., filed Nov. 16, 1977), that a person placed on probation after the entry of an order granting a conditional discharge under section 4.12 of the Controlled Substances Act has been neither convicted nor found guilty. See State v. Blackwell, 500 S.W.2d 97 (Tex. Crim. App. 1973); Ex parte Muncy, 72 Tex. Crim. 541, 163 S.W. 29 (Tex. Crim. App. 1914); Baker v. State, 70 Tex. Crim. 618, 158 S.W. 998 (Tex. Crim. App. 1913).

In light of the George decision, we advise that a defendant placed on probation after the deferral of proceedings pursuant to section 4.12 of article 4476-15, V.T.C.S., the Controlled Substances Act, is not "convicted" for the purpose of the fee statutes, and is not liable for the fees assessed by articles 53.01, 53.06, 1061, and 1064, Code Crim. Proc.

## S U M M A R Y

A defendant placed on probation after the deferral of proceedings pursuant to section 4.12 of article 4476-15, V.T.C.S., the Controlled Substances Act, is not "convicted" for purposes of the fee statutes, and is not liable for the fees assessed by articles 53.01, 53.06, 1061, and 1064, Code Crim. Proc.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst